717 So.2d 654 (1998)
Jane DOE, et al.
v.
SOUTHERN BAPTIST HOSPITAL.
No. 98-C-0063.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1998.
Writ Denied September 4, 1998.
*655 Thomas B. Calvert, Metairie, for Plaintiffs/Relators.
Richard P. Ieyoub, Attorney General, J. Elliott Baker, Assistant Attorney General, Louisiana Department of Justice, Litigation Division, New Orleans, and C.T. Williams, Jr., Special Assistant Attorney General, Metairie, for Defendant/Respondent.
Before BYRNES, ARMSTRONG and MURRAY, JJ.
ARMSTRONG, Judge.
We grant plaintiffs-relators' application for supervisory writs to consider the correctness of the trial court's judgment holding that LSA-R.S. 9:5628 did not discriminate on the basis of physical condition and placing the burden of proving the statute's unconstitutionality on the plaintiffs. For the following reasons, we affirm the judgment of the trial court.
Plaintiffs asserted a medical malpractice action in 1991[1] against Southern Baptist Hospital alleging that their daughter was transfused with HIV-infected blood in September 1983 while a patient at the hospital and that she was diagnosed as being infected with HIV on August 17, 1990. The hospital filed an exception of prescription pursuant to La. R.S. 9:5628[2]; and, on November 14, 1997, the trial court ruled that the statute applied but pretermitted entering judgment pending plaintiffs' challenge to the constitutionality of the statute. The State filed a partial motion for summary judgment and, in the alternative, a motion in limine to determine who would bear the burden of proof at the hearing on the statute's constitutionality. The trial court ruled that plaintiffs had the burden of proving that La. R.S. 9:5628 did not further a legitimate state interest because the statute did not discriminate on the basis of physical condition. The hearing on constitutionality is set for June 15, 1998.
Plaintiffs complain that the trial court erred in concluding that La. R.S. 9:5628 did not discriminate on the basis of physical condition and in placing the burden of proving the statute's unconstitutionality on them. They argue that the statute discriminates on the basis of physical condition because it arbitrarily creates two classes of victims, namely those who know of their injury within the prescriptive period and those who cannot due to the latency of their disease or injury. They further argue that because the statute is discriminatory, the State should bear the burden of proving that the statute's classifications have a reasonable basis in law.
The first issue that must be resolved is whether the trial court's judgment is appealable. La. C.C.P. art. 966(E) provides that a summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense even though the granting of the judgment does not dispose of the entire case. La. C.C.P. art.1915, as amended in 1997, provides that a final judgment may be rendered, even *656 though it may not adjudicate all of the issues in the case, when the court grants a motion for summary judgment, including a summary judgment granted pursuant to Article 966(E). Article 1915(B) provides:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all of the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment granting the partial summary judgment and alternative motion in limine contains no designation that it is to be a final judgment. Moreover, the judgment has only determined a threshold issue, namely who shall bear the burden of proof at the hearing on the statute's constitutionality. Therefore, the judgment should not be deemed final and appealable.
In support of their position, plaintiffs cite Sibley v. Bd. of Sup'rs of Louisiana State U., 477 So.2d 1094 (La.1985), in which the Supreme Court stated that when a law classifying individuals on the basis of physical condition is attacked, the proponent of the legislation must show that the law does not arbitrarily, capriciously, or unreasonably discriminate against the disadvantaged class by demonstrating that the legislative classification substantially furthers a legitimate state objective. In that case, the court concluded that La. R.S. 40:1299.39, which prohibits malpractice judgments in excess of $500,000, classified individuals on the basis of their physical condition, namely those whose damages would oblige a defendant under basic law to pay damages in excess of $500,000 and those whose damages would not require such an award to make reparation. The court stated that Article 1, Section 3 of the state constitution commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) when the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) when the law classifies individuals on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused less the State or other advocate of the classification shows that the classification has a reasonable basis; (3) when the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.
In its opposition, the State cites Crier v. Whitecloud, 496 So.2d 305 (La.1986), in which the Supreme Court held that La. R.S. 9:5628 did not violate equal protection by discriminating on the basis of the severity of the injury.[3] The court stated that the statute affects equally all persons who undergo medical treatment and does not create a classification that "disadvantages" or discriminates against one class of individuals by reason of or because of their physical condition. The statute provides notice that malpractice claims will be barred if they are not filed within three years from the date of the alleged act, omission or neglect and is merely a legislative determination that three years is a reasonable time in which to assert a medical malpractice claim. The court also stated that the statute should be upheld unless the plaintiff can show that it does not further an appropriate state interest; and, because the plaintiff offered no evidence to make this *657 showing, the statute was presumed constitutional. The court also found that La. R.S. 9:5628 did not violate due process or the state constitutional guarantee of access to the courts.
In Whitnell v. Silverman, 95-0112, 95-0259 (La.12/6/96), 686 So.2d 23, the Supreme Court dealt with another constitutional challenge to La. R.S. 9:5628. The plaintiff had introduced the testimony of Dr. Stuart Hoffman, who testified to an illustrative list of nineteen diseases, including "Blood Transfusion Acquired AIDS," the damages from which would never be discovered within three years.[4] The trial court found that the statute was constitutional as applied to plaintiff because her disease manifested itself within three years, but that the statute was unconstitutional as applied to the nineteen diseases. This court affirmed the ruling in part and reversed it in part, finding that the statute was unconstitutional both as to diseases with a latency period of greater than and less than three years.[5] This court stated that to hold otherwise was an unreasonable discrimination based upon physical condition. The Supreme Court reversed this court's ruling and found that the statute was constitutional as applied. The court held that because the plaintiff lacked standing to argue the constitutionality of the statute with regard to individuals with diseases having a latency period of more than three years, the lower courts erred in finding the statute unconstitutional as applied to such individuals. The court further held that the lower courts erred in finding the statute unconstitutional as applied to hypothetical third parties with diseases with latency periods in excess of three years because Louisiana courts are without power to render judgments over moot and abstract propositions. In Footnote 13, the court stated that it was not addressing the constitutionality of La. R.S. 9:5628 as it applied to individuals with diseases having latency periods in excess of three years. The court also refused to overrule Crier v. Whitecloud.
With regard to what must be proven, the court stated:
[T]o raise a valid equal protection challenge, Mrs. Whitnell must show that application of La. R.S. 9:5628 treats her differently from other individuals similarly situated to her, i.e., individuals with diseases with latency periods less than three years. In this case, the evidence clearly shows that Mrs. Whitnell is being treated as all other individuals with diseases with latency periods less than three years. For reasons provided hereinabove demonstrating Mrs. Whitnell's lack of standing to make challenges for hypothetical third parties, it would be improper and useless to compare Mrs. Whitnell's physical condition to individuals with diseases with latency periods in excess of three years. Thus, we conclude that Mrs. Whitnell has failed to show that La. R.S. 9:5628 fails to treat persons similarly situated to her situation differently, and that accordingly, she is not afforded the equal protection constitutional challenge to La. R.S. 9:5628.
Id. at p. 10, 686 So.2d at 30.
The court further stated that because La. R.S. 9:5628 did not classify individuals on the basis of physical condition under the facts of the case, there was no need to further examine the facts in light of the equal protection analysis set out in Sibley. The court stated that, at a bare minimum, a showing of classification must be made prior to addressing whether or not La. R.S. 9:5628 is primed by an appropriate governmental interest suitably furthered, and that it is incumbent upon one attacking the constitutionality of a statute to show that he or she is within a class of individuals disadvantaged by the statute.
As recently noted by this court in Lewis v. Roemer, 96-2133 (La.App. 4th Cir. 6/4/97), 696 So.2d 252, statutes are presumed to be constitutional; and, the burden of proving *658 unconstitutionality rests upon the party challenging the validity of the statute except when the basis given for challenging the statute is Article 1, Section 3 of the state constitution and depending upon the type of classification at issue. Both Crier and Whitnell found that La. R.S. 9:5628 did not classify individuals according to physical condition; and, considering the language used by the Supreme Court in Whitnell, we find that the trial court's ruling concluding that plaintiffs, rather than the State, should bear the burden of proof at the constitutionality hearing is correct. Accordingly, the judgment of the trial court is affirmed and relief is denied.
WRIT GRANTED; JUDGMENT AFFIRMED; RELIEF DENIED.
MURRAY, J., concurs with reasons.
MURRAY, Judge, concurring with reasons:
I feel compelled to concur in the result reached here based upon the applicable Supreme Court precedent cited by the majority. However, because the resultant injustice of those prior holdings is highlighted under these facts, I would urge that the issue be reexamined by that Court.
In Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094, 1108 (La. 1985), the Supreme Court's equal protection analysis examined the effect of La. R.S. 40:1299.39 on all medical malpractice victims, and found the statute created two classes based upon "the magnitude of damage to their physical condition." Then, in Crier v. Whitecloud, 496 So.2d 305, 311 (La. 1986), the Court determined that, unlike R.S. 40:1299.39, "La. R.S. § 9:5628 does not discriminate on the basis of the severity of the injury. Rather, it affects equally all persons who undergo medical treatment." This holding was in turn broadened in Whitnell v. Silverman, 95-0112, 95-0259, pp. 6-7 (La. 12/6/96), 686 So.2d 23, 28, to an unequivocal pronouncement that this prescriptive statute does not discriminate based upon physical condition, because all individuals with diseases with latency periods of less than three years are similarly treated. As a result, this court is now required to hold that to establish an equal protection violation, the parents of Mary Doe must somehow prove that 9:5628 prohibits her claim while allowing the claims of others inflicted with a disease with a latency period of more than three years. In other words, in order to prove that this statute classifies individuals based upon physical condition, the plaintiff must compare herself only to those who, by operation of 9:5628, are similarly classified. This result, while mandated by the language and holding of Whitnell, defies logic. It is analogous to holding that one of a particular race could not show a denial of equal protection if the law treated others of his race similarly.
It appears to me that the better approach is that dictated by Sibley, where the group at issue for the equal protection analysis consists of all victims of medical malpractice, rather than just those victims falling within the class that is created by the statute at issue. Viewed in this light, the question is whether La. R.S. 9:5628 creates two distinct categories of malpractice victims, those whose physical injury can manifest itself within three years, and those inflicted with a physical condition with a latency period in excess of three years. On these facts, I would answer in the affirmative, and thus would hold that the State has the burden of establishing that the legal differentiation between the two groups substantially furthers a legitimate state interest.
NOTES
[1] Neither the writ application nor the opposition state when judicial demand was actually made in 1991; but, the petition was filed on January 25, 1993, after the matter was submitted to a medical review panel.
[2] La. R.S. 9:5628 provides a medical malpractice action must be brought within one year from the date of the alleged act, omission, or neglect, or within one year of the discovery of the alleged act, omission, or neglect; but as to claims filed within one year of discovery, such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
[3] In Crier, the plaintiff alleged that the defendants had committed medical malpractice in surgically implanting a defective metal rod in her back which broke some four years after the surgery.
[4] In Whitnell, the plaintiff had been receiving treatment from different doctors for bladder and urinary tract problems from May 1980 to October 1984 when she was diagnosed with bladder cancer. She alleged that the doctor, whom she did not sue until 1986, who had treated her in 1980 was negligent in failing to disclose a precancerous lesion in her bladder.
[5] Whitnell v. Silverman, 93-2468, 94-0343 (La. App. 4th Cir. 11/4/94), 646 So.2d 989.