JjPER CURIAM.
Third party defendant, Hartford Fire Insurance Company, applies for supervisory writs seeking review on the merits of the district court’s April 16, 1998, grant of a motion for partial summary judgment, ruling that Hartford has a duty to defend third-party plaintiffs/movers, Vicksburg Chemical Company and Cedar Chemical Corporation. The judgment further ordered Hartford to pay legal fees, costs, and expenses incurred by Vicksburg and Cedar to date, which Hartford contends will exceed two million dollars.
Previously in this matter, Hartford applied for supervisory writs to review the district court’s denial of a stay of the partial summary judgment and denial of Hartford’s motion for suspensive appeal of that judgment as one causing irreparable injury. Although Hartford also had filed a motion asking the district court to designate the judgment as a *1016 final judgment subject to an immediate appeal under La.Code Civil Proc. Art.1915, Hartford’s prior writ application to this court did NOT request review of the district court’s refusal to so designate the judgment. Under our docket number 98 CW 1111, this court .denied the writ application but issued a stay and allowed three days for Hartford to apply to this court for writs concerning the partial summary judgment. This court’s ruling did not state that a subsequent application should be as to the merits of the judgment; rather, the ruling specifically noted that the judgment did not meet the certification or party agreement requirement under La.Code Civil Proc. Art.1915 for it to be the subject of an immediate appeal, nor was the judgment appealable as one causing irreparable injury. Nevertheless, Hartford did not apply for writs as to the district court’s refusal to certify the judgment. Rather, Hartford has - filed the present application for writs seeking review of the merits of the partial summary judgment and a stay of the judgment pending decision on'its application. Hartford still does not contest the district court’s refusal to designate the judgment as a final judgment subject to an immediate appeal under Article 1915.
This judgment has not been certified by the district court as a final judgment for purposes of an immediate appeal, nor did the parties agree that the ruling was such a judgment under La.Code Civil Proc. Art. 1915. To entertain by supervisory writ application and grant a stay of a judgment which is not a final judgment subject to immediate appeal under Article 1915 would be a blatant circumvention of the spirit of that statute, causing the delay and judicial inefficiency which the statute obviously is designed to eliminate. To substitute one method of review (writ application) for a prohibited method of review (appeal) flies in the face of the legislative pronouncement set forth in Article 1915. Therefore, we will not entertain the merits of this writ application. Review of the judgment at issue must await rendition of a complete final judgment in the case, which will be the proper subject of an appeal, unless the judgment is certified as a final judgment subject to an immediate appeal under Article 1915.
|2The district court failed to act pursuant to 98 CW 1111. Normally, we would expressly instruct the relator (Hartford herein) that it should file a writ application with this court contesting the refusal of the district court to certify the partial summary judgment as a final judgment subject to an immediate appeal under Article 1915. However, in the interest of judicial efficiency, we hereby exercise our supervisory jurisdiction in this matter and ourselves certify the partial summary judgment of April 16, 1998, as a partial final judgment subject to an immediate appeal. We hereby remand this matter to the district court with instructions to grant Hartford a suspensive appeal authorized by Article 1915.
WRIT DENIED; JUDGMENT CERTIFIED AS ONE SUBJECT TO AN IMMEDIATE APPEAL; CASE REMANDED WITH INSTRUCTIONS.