liBYRNES, Judge.
In June of 1992, the plaintiff-appellee, Ash-ton Hardy, filed a suit on open account against The Dowe Company and Kenneth Dowe individually in an effort to collect amounts due for legal services. After suit was filed, The Dowe Company filed for bankruptcy. On December 16, 1996, Kenneth Dowe filed an answer and reconventional demand alleging that: (1) he is not personally liable for the legal fees because he executed the contract for legal services only in his capacity as president of the Dowe Company and that Hardy knew or should have known this to be the case; and (2) Hardy knew or should have known that he performed unauthorized legal services and over billed for those services that he did perform. Dowe’s reconventional demand concludes that these allegations constitute “breach of contract, breach of fiduciary duty, fraud and/or negli *530 gent misrepresentation.” In response, Hardy filed an exception of no cause of action which was granted by the trial court on July 31,1997.
The judgment of July 31, 1997 dismissing the defendant’s reconventional demand is a partial judgment. It does not dispose of the entire case. It does not address the main demand at all. It dismisses no parties. LSA-C.C.P. art. 1915A|lists five categories of partial judgments that may be considered final. The judgment that forms the basis of this appeal does not fall into any of those categories.[1] Moreover, LSA-C.C.P. art. 1915B(1) requires that even those judgments delineated by 1915A “shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.” Additionally, 1915B(2) specifies a partial judgment lacking the determination and designation of finality required by 1915B(1) “shall not constitute a final judgment for purposes of appeal.” LSA-C.C.P. art. 1915B was enacted by Act 483 of 1997 and went into effect on July 15, 1997, prior to the rendition of the judgment that is the subject of this appeal. LSA-C.C.P. art. 1915B is procedural in nature and clearly applies to the judgment before this court in spite of the fact that this action was commenced prior to the rendition of the judgmént. In Kaufmann v. Fleet Tire Service, 97-1428 (La.9/5/97); 699 So.2d 75, the Supreme Court gave retroactive effect to Act 483 by ordering a remand to the trial court notwithstanding the fact that the judgments of both the trial court and this Court were rendered prior to the effective date of Act 483. Young v. Dupre Transport, 97-0591 (La.App. 4 Cir. 10/1/97); 700 So.2d 1156.
Ordinarily, we would presume that the failure of the trial court to designate a ¡¡judgment rendered after the effective date of Act 483 of 1997 as final was intentional, i.e., tantamount to a determination not to designate as LSA-C.C.P. art. 1915B requires that finality be designated but does not require that non-finality be designated. However, we infer from the record and the action of the parties that both they and the trial court may not have been fully aware of the significance of Act 483 of 1997 when the judgment was rendered. The exception was argued only 10 days after the effective date of the new law. Following the example of the Supreme Court in Kaufmann and this Court in Young, rather than dismiss this appeal outright, we find that the most appropriate and fairest thing would be to remand this matter to the trial court for a determination of whether the judgment should be designated as final.
Accordingly, it is ordered that this matter be remanded to the trial court for a determination of whether the judgment of July 31, 1997 should be designated as final.

REMANDED.

. This Court notes that LSA-C.C.P. art. I915A(3) allows a partial summary judgment, including a summary judgment rendered pursuant to LSA-C.C.P. art. 966E that is dispositive of only a particular issue, theory of recovery, cause of action, or defense to be designated as final. From this it could be argued that other judgments having the same effect should also be considered final. However, this Court only raises this issue but does not decide it at this time.