| t STEVEN R. PLOTKIN, Judge.
Plaintiffs/Appellants, Jaun Pinkins, Cynthia Garrett Pinkins, and Elroy E. Pinkins (plaintiffs), appeal the trial court’s grant of summary judgment in favor of defendant/appellee, Tulane University School of Medicine (Tulane).

FACTS AND PROCEDURAL HISTORY

This claim for medical negligence was brought by the plaintiffs following treatment that Juan Pinkins (Ms. Pinkins) received at University Hospital in October and November of 1995, in conjunction with the birth of her child. More specifically, the plaintiffs’ petition alleges that while Dr. Greg Taylor and Nurse Jamison were administering epidural anesthesia to Ms. Pinkins, her dura[1] was punctured, causing the leakage of cerebrospinal fluid and venous traction. Plaintiffs further claim that Ms. Pinkins did not receive proper medical attention and that she was prematurely discharged from the hospital, ultimately resulting in her being permanently disabled and paralyzed, and her having to endure three additional surgeries and extensive rehabilitation. In their Petition for Damages, | ¿filed on September 15, 1998, plaintiffs[2] named as defendants Tulane, University Hospital, Medical Center of Louisiana at New Orleans, Dr. Roberta G. Lottinger, Dr. Emilio Armando Blanco, Dr. Joseph Gauta, Dr. Greg Taylor, Dr. Michael Miranda, Dr. Greg Morris, Nurse Jamison, and Jane Doe, a University Hospital administrator and supervisor.
On November 14, 2001, Tulane moved for summary judgment, arguing that plaintiffs’ petition failed to state a cause of *42 action against it because no treatment was rendered to Ms. Pinkins at Tulane University Medical Center. Tulane asserted that, even assuming that some of the healthcare providers who treated Ms. Pin-kins were Tulane physicians, students, or residents, those healthcare providers were covered under the Malpractice Liability for State Services Act, La. R.S. 40:1299.39, et seq. (MLSSA) as to all claims arising from the medical treatment rendered to Ms. Pinkins at University Hospital and/or Medical Center of Louisiana, both of which are state health care facilities, thus relieving Tulane of any- vicarious liability for their actions. Tulane further argued that plaintiffs’ claims against it under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. 1395dd (EMTALA), must fall as well, because those claims were subsumed by the MLSSA’s protections and limitations.
Plaintiffs opposed Tulane’s motion, arguing, amongst other things, that Tulane had not carried its heavy burden of proving the provisions of MLSSA were applicable to it in this case.
Tulane’s motion came up for contradictory hearing on December 14, 2001, after which the trial court took the matter under advisement. On January 3, 2002, the trial court issued a written judgment granting Tulane’s motion for summary [¿judgment. No reasons for judgment were issued. Plaintiffs filed a timely Petition for Devol-utive Appeal from that adverse judgment.

DISCUSSION

The initial issue that we must address in this appeal is whether the January 3, 2002 judgment is a final appealable judgment pursuant to La. C.C.P. art. 1915.
At the time summary judgment was rendered and this appeal was filed, La. C.C.P. art. 1915(B) provided that a judgment dismissing less than all of the claims or parties shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.[3]
The January 3, 2002 judgment granting summary judgment in favor of Tulane did not adjudicate plaintiffs’ claims against the numerous remaining named defendants in this matter. In order to be immediately appealable under La. C.C.P. art. 1915, the law required that the judgment, because it was a partial final judgment, be designated as a final judgment by the trial court after making an express determination that there was no just reason for delay. No such designation appears in the record. Likewise, the record contains no evidence that the parties requested that the trial court make such a designation.
[4In Jackson v. America’s Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, we held that “[a] trial court’s mere signing of an order for appeal from a partial judgment will not make that judgment immediately appeal-able.” In addition, we held that the certification by the court “to consider the partial judgment as final must be of record *43 when the appeal is first filed.” We went on to note, however, that a party does not lose the right to appeal a partial judgment that is not certified as final; it merely loses the right to take an immediate appeal of that partial judgment.
For the foregoing reasons, we dismiss plaintiffs’ appeal, without prejudice, because the January 3, 2002 judgment contains no certification that it is a final ap-pealable judgment pursuant to La. C.C.P. art. 1915(B). While the plaintiffs do not have the right to an immediate appeal, they have not lost their right to appeal after final judgment is rendered adjudicating all of the claims, demands, issues and theories of the case.[4]

APPEAL DISMISSED WITHOUT PREJUDICE.

. "Dura mater” is the tough outermost membrane of the three that cover the brain and spinal cord. ENCARTA WORLD ENGLISH DICTIONARY [North American Edition] 2001 Microsoft Corporation.

. Jaun Pinkins sought recovery for her own injuries. The two remaining plaintiffs are the parents of Jaun Pinkins; they seek recovery for the damages they have incurred as a result of their daughter's injuries, including having to physically and financially care for their disabled daughter, and her baby, following their daughter’s unfortunate injuries.

. In 1999, in order to eliminate confusion with Article 1915(A), Article 1915(B)(1) was amended to delete "parties.” According to the editor's note in the 2002 edition of the Louisiana Code of Civil Procedure, "[t]he 1999 amendment makes it clear that a judgment under C.C.P. art. 1915(A), except for [a summary judgment granted pursuant to] C.C.P. art. 966(E), is a final judgment subject to appeal as any other final judgment; while a partial final judgment under C.C.P. art. 1915(B)(1) must be designated as a final judgment to be appealable.” [Emphasis supplied], Section 3 of Act 1999, No. 1263, provides, however, that the provisions of the act shall become effective on January 1, 2000, and shall apply to all actions filed on or after that date. Because this action was filed prior to January 1, 2000, we are required to apply the version of Article 1915 that was in effect prior to the 1999 amendment.

. See Cooper v. Fun Services Louisiana, Inc., unpub., 2001-2274 (La.App. 4 Cir. 4/24/02), 817 So.2d 514, where this court previously dismissed an appeal in a matter procedurally similar to the matter at issue herein. However, because the opinion was not published, the court should not include the citation in the opinion.