1 .TERRI F. LOVE, Judge.
Plaintiffs-in-Reconvention/appellants, K. Kevin Chambers and Zoological Animal Reproductive Center (“Zoological Center”), appeal the trial court’s grant.of summary judgment in favor of defendants-in-reconvention, Audubon Institute, Inc. (“Audubon Institute”).
This case stems from a contractual dispute between Zoological Center and Audubon Institute. Zoological Center and Audubon Institute entered into a White Lion Lease Agreement (“Lease Agreement”) “for the purpose of propagation, research, education, and public display of three white lions.” During transport from the Zoological Center located in Tampa, Florida to Audubon Institute in New Orleans, Louisiana, one female white lion, “Carin,” perished. This litigation ensued to determine the respective parties’ obligations under the lease agreement.
Audubon Institute filed a Petition for Damages and Declaratory Judgment; Zoological Center answered and filed a Recon-ventional Demand for Breach of Contract. Audubon Institute filed a motion for summary judgment as to three issues, namely, Audubon Institute asserted it was not responsible for damage during transport, it did not breach the agreement by failing to accept a suitable | ¡.substitute animal, and it did not breach the lease agreement by failing to harvest and use the oocytes of the deceased female white lion, Carin.
On December 27, 2001, the trial court granted a partial summary judgment. The trial court found there was no genuine issue of material fact regarding Audubon Institute’s responsibility for the death of the white lion, Carin, in that neither K. Kevin Chambers nor representatives of Zoological Center were the shipping agents for Audubon Institute in transporting the three lions from Tampa, Florida to New Orleans, Louisiana, and therefore *1057 were not responsible for the subsequent money loss. It also found the lion offered was not an equivalent substitute for the deceased lion. Finally, the trial court found that the oocytes harvested from the deceased lion were not viable.
The issue that we must consider in this appeal is whether the December 27, 2001 judgment was a final judgment subject to immediate appeal pursuant to La. C.C.P. art.1915. The version of La. C.C.P. art. 1915(B) that applies to this matter provides that a judgment dismissing less than all of the claims shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that no just reason for delay exists.
The December 21, 2001 judgment granting partial summary judgment in favor of Audubon Institute on three issues did not adjudicate all claims raised in Audubon Institute’s answer and reconventional demand. As such, the judgment did not dismiss all claims and falls under La. C.C.P. ait. 1915(B). In order to be immediately appealable under La. C.C.P. art. 1915, the law requires that the judgment, because it was a partial judgment, be designated as a final judgment by the trial court after making an express determination that no just reason for delay Lexists. No such designation appears in the record. Likewise, the record contains no evidence that the parties requested that trial court make such a designation.
In Jackson v. America’s Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, we held that “[a] trial court’s mere signing of an order for appeal from a partial judgment will not make that judgment immediately appealable.” In addition, we held that the certification by the court “to consider the partial judgment as final must be of record when the appeal is first filed.” We went on to note, however, that a party does not lose the right to appeal a partial judgment that is not certified as final; it merely loses the right to take an immediate appeal of that partial judgment.
For the foregoing reasons, we dismiss plaintiffs appeal, without prejudice, because the December 27, 2001 judgment contains no certification that it is a final appealable judgment pursuant to La. C.C.P. art. 1915(B). While the plaintiffs do not have the right to an immediate appeal, they have not lost their right to appeal after final judgment is rendered adjudicating all of the claims, demands, issues, and theories of the case.

APPEAL DISMISSED WITHOUT PREJUDICE.