849 So.2d 782 (2003)
Richard D. MILLER
v.
Stephanie M. TASSIN.
No. 2002-CA-2383.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2003.
*783 Tamara Kluger Jacobson Jonathan M. Walsh Harvey, Jacobson & Glago, APLC, New Orleans, LA, for Plaintiff/Appellant, Richard D. Miller.
Paul E. Mayeaux, Baton Rouge, LA, for Appellee, Permanent General Assurance Corporation.
Court Composed of CHARLES R. JONES, MAX N. TOBIAS, JR., and DAVID S. GORBATY, Judges.
MAX N. TOBIAS, JR., Judge.
After the instant appeal was filed, this court discovered that the plaintiff/appellant, Richard D. Miller ("Miller"), was appealing from a partial summary judgment without complying with La. C.C.P. art. 1915, as it existed prior to the 1999 legislative amendments.[1] An order to show cause was issued to the parties and Miller filed a supplemental memorandum as to why the appeal should not be dismissed. After considering the memorandum and the applicable law, the court finds that the appeal should be dismissed without prejudice, for the following reasons.
The facts are not in dispute. Miller was allegedly injured when a vehicle driven by the defendant, Stephanie M. Tassin ("Tassin"), and insured by Permanent General Assurance Company ("PGAC"), struck Miller's vehicle. PGAC filed a motion for summary judgment denying that it had any duty to defend and/or cover Tassin because the car she was driving was stolen. Miller argued in opposition to the motion for summary judgment that PGAC should be required to insure Tassin because she had no knowledge, and no reason to know, that the car she was driving was stolen. The trial court agreed with PGAC and dismissed it from the case.
Miller argues that this court should maintain the appeal as provided in La. C.C.P. art. 2083(A)[2]; however, the court finds that the requirement of irreparable injury is not present. "Irreparable injury" occurs in those cases where the error in the ruling cannot, as a practical matter, be corrected on appeal after a trial on the merits. Carr v. GAF, Inc., 97-2325, p. 2 (La.11/14/97), 702 So.2d 1384, 1385.
That Miller may be forced to retry the case is not irreparable injury. Generally, requiring a party to go to trial does not constitute irreparable injury turning an otherwise interlocutory order into an appealable one. Collins v. Prudential Insurance *784 Company of America, 99-1423, p. 7 (La.1/19/00), 752 So.2d 825, 830. As recognized by Justice Lemmon in his concurrence, a party's saving the time and expense of litigation generally is a risk of litigation that must yield to the normal orderly process of trial and appeal. Id. at p. 2, 752 So.2d at 832.
Miller contends that he faces irreparable injury because he must try his case against a party who is uninsured and who has not participated in the litigation thus far. These are issues to be handled by the trial court. In addition, Miller argues that if successful in the trial court and in appealing the issue of the insurance company's dismissal in this court, he would have to re-try the case. This is, as aptly put by Justice Lemmon, a risk of litigation, but does not present irreparable injury as defined by the jurisprudence.
Further, Miller had a method by which to appeal the issue of the insurance company's dismissal. Pursuant to La. C.C.P. art. 1915, as applicable to this case and as it read prior to the 1999 amendments thereto, the trial court rendered a partial summary judgment that could have been properly appealed by the appellant with an appropriate designation by the trial court. That article, as it existed prior to the 1999 amendments, provided as follows:
Art.1915. Partial judgment; partial exception; partial summary judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

*785 C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.
This partial summary judgment falls squarely within the parameters of La. C.C.P. art. 1915(B); without a proper designation from the trial court, the appeal is not properly before the court. This was the unanimous en banc decision of this court in Jackson v. America's Favorite Chicken Co., 98-0506 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, in which we stated:
We expressly disapprove and overrule the procedure of converting the appeal from a non-final judgment to a supervisory writ and then considering the merits, as was done in Karim v. Finch Shipping Co., Ltd., 97-2518 (La.App. 4 Cir. 8/26/98), 718 So.2d 572, and Walker, Bordelon, Hamlin, Theriot and Hardy, etc. v. Dowe, supra, 98-0937, 98-0938 (La.App. 4 Cir. 12/9/98), 727 So.2d 529. We agree with our colleagues of the First Circuit that
To entertain by a supervisory writ application and grant a stay of a judgment which is not a final judgment subject to an immediate appeal under Article 1915 would be a blatant circumvention of the spirit of that statute, causing the delay and judicial inefficiency which the statute obviously is designed to eliminate. To substitute one method of review (writ application) for a prohibited method of review (appeal) flies in the face of the legislative pronouncement set forth in Article 1915. Therefore, we will not entertain the merits of this writ application. Review of the judgment must await rendition of a complete final judgment in the case, which will be the proper subject of an appeal, unless the judgment is certified as a final judgment subject to an immediate appeal under Article 1915.
In re: Chemical Release at Bogalusa, 98 1122 at p. 1 (La.App. 1 Cir. 8/27/98), 718 So.2d 1015.
While we adopt this reasoning, we decline to certify a partial summary judgment as a final judgment subject to an immediate appeal on the appellate level, as our colleagues did in the case cited above.
Id. at pp. 9-10, 729 So.2d at 1065-66.
The opinion also stated:
The following judges of this Court, en banc, constituting a unanimous majority have voted to explicitly overrule all portions of our opinions in Karim v. Finch Shipping Co., Ltd., Doe v. Southern Baptist Hospital, 98-0063 (La.App. 4 Cir. 5/6/98), 717 So.2d 654 and Walker, Bordelon, Hamlin, Theriot & Hardy v. Dowe that are inconsistent with the instant decision: Chief Judge Klees, Judge Byrnes, Judge Armstrong, Judge Plotkin, Judge Jones, Judge Waltzer, Judge Landrieu, Judge Murray, Judge McKay, Judge Bagneris, Judge Ciaccio (pro tempore), Judge Gulotta (pro tempore) and Judge Gray (pro tempore).
Id. at p. 11 n. 4, 729 So.2d at 1066 n. 4.
Both the Second and Fifth Circuit Courts of Appeal have issued similar en banc decisions with regard to this issue. In Succession of Grimmett, 31,975, pp. 5-6 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 31, the court en banc stated:
We agree with other circuits that in the absence of certification there is no final, appealable judgment and that a jurisdictional defect exists when an appeal is taken from such a judgment. Moreover, although we have determined that such a defect can be cured either by subsequent certification or by the rendition of subsequent judgment(s) adjudicating *786 all the claims of all the parties, in light of the fact that more than a year and a half has elapsed since the change in the law, and in light of the administrative burden that remand of uncertified partial judgments has placed upon us, we hereby announce a change in the policy of this circuit with regard to appeals of uncertified partial judgments. Rather than continue to follow the general policy of allowing additional time to obtain certification in instances where appeals are taken from uncertified partial judgments, we now adopt a general policy of dismissing such appeals without prejudice.
In Whitney National Bank v. Cambridge Realty Corp., 96-956, p. 6 (La.App. 5 Cir. 2/25/97), 690 So.2d 213, 216, the court stated en banc:
We note the following internal rule of this court. Pursuant to internal rules of this court we issued the following en banc order on December 9, 1994:
IT IS ORDERED that, as of January 1, 1995, all nonappealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow and adhere to the procedural schemes set forth in our Louisiana Codes of Civil and Criminal Procedure.
In addition, the First Circuit Court of Appeal stated:
This judgment has not been certified by the district court as a final judgment for purposes of an immediate appeal, nor did the parties agree that the ruling was such a judgment under La.Code Civil Proc. Art.1915. To entertain by supervisory writ application and grant a stay of a judgment which is not a final judgment subject to immediate appeal under Article 1915 would be a blatant circumvention of the spirit of that statute, causing the delay and judicial inefficiency which the statute obviously is designed to eliminate. To substitute one method of review (writ application) for a prohibited method of review (appeal) flies in the face of the legislative pronouncement set forth in Article 1915. Therefore, we will not entertain the merits of this writ application. Review of the judgment at issue must await rendition of a complete final judgment in the case, which will be the proper subject of an appeal, unless the judgment is certified as a final judgment subject to an immediate appeal under Article 1915.
See In re Chemical Release at Bogalusa, 98-1122, p. 1 (La.App. 1 Cir. 8/27/98), 718 So.2d 1015, 1016. This, however, is not an en banc decision, but has been followed by other panels of that court.
In 2001, a medical malpractice matter came before this court on appeal after the district court denied Charity Hospital's exception of prematurity. However, the judgment that was rendered by the district court was not certified as a final appealable judgment pursuant to La. C.C.P. art. 1915(B)(1), and the appeal was dismissed. Charity filed an application for a writ of certiorari with the Louisiana Supreme Court, which was granted; the Supreme Court remanded the case to this court to "entertain relator's position under its supervisory jurisdiction." See Evans v. Charity Hospital, XXXX-XXXX (La.4/20/01), 790 So.2d 8.
On remand, a panel of this court stated:
The Supreme Court's ruling in this case effectively has overruled this Court's decision in Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, in which it was held that this Court no longer would convert appeals from partial summary judgments that had not been certified as final by the district court to applications for supervisory writs. The Supreme *787 Court's remand with instruction to consider this appeal under our supervisory jurisdiction reminds us, as this Court noted in Livingston Downs Racing Association, Inc. v. Louisiana State Racing Commission, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216 that:
the difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right. As a general rule, the Court of Appeal does not exercise its discretionary supervisory jurisdiction in the absence of a showing that the failure to do so will result in irreparable injury. Where an appeal would provide an adequate remedy there would normally be no irreparable injury and the Court would not issue certiorari to review the judgment complained of ...
As in Livingston, it is appropriate for this Court to exercise its supervisory jurisdiction in this case because dismissing this appeal would further dilute Charity's right to have its day in court. If this Court were to affirm the district court's judgment, we would, in fact, be requiring a health care provider to adhere to a judgment that forfeited its right to a medial review panel without offering the said provider an opportunity to have this judgment scrutinized due to an oversight committed at the district level. Therefore, the policy created by this Court in Jackson has been overruled, and we re-establish our previous rule to reserve the right to invoke our supervisory jurisdiction on a case-by-case basis. The Supreme Court's reversal of Jackson is limited to the issue of this Court exercising its supervisory jurisdiction in converting an appeal to a supervisory writ and making a disposition thereof. Thus, we invoke our supervisory jurisdiction in the case at bar and render our disposition on the merits presented.
See Evans v. Charity Hospital, XXXX-XXXX, pp. 2-3 (La.App. 4 Cir. 11/14/01), 801 So.2d 1192, 1194-95. (Jones & Murray, JJ.; Waltzer, J., dissenting.)
Despite the language above, we find that the Supreme Court's remand in Evans did not effectively overrule this court's en banc decision in Jackson for several reasons. First, if the Louisiana Supreme Court's decision in Evans had overruled Jackson, it would have also been overruling the en banc decision/orders of the Second and Fifth Circuit Courts of Appeal; this did not occur for the Supreme Court would have obviously said so. In addition, the First Circuit reached a similar conclusion in In re Chemical Release at Bogalusa, supra, and that case has not been overruled. Consequently, if the Louisiana Supreme Court's decision in Evans had intended to overrule Jackson, it would have explicitly done so.
In addition, other panels of this Court have followed Jackson after the Evans remand. See, e.g., the published opinions in Audubon Institute, Inc. v. Chambers, XXXX-XXXX (La.App. 4 Cir. 10/16/02), 830 So.2d 1055 (appeal of partial summary judgment dismissed without prejudice); Pinkins v. University Hospital, XXXX-XXXX (La.App. 4 Cir. 9/4/02), 828 So.2d 40 (same); Dean v. United Medical Center, XXXX-XXXX (La.App. 4 Cir. 4/17/02), 816 So.2d 926 (appeal of denial of exception of prescription dismissed without prejudice).
Third, the fact that the Supreme Court remanded Evans for this court to consider under its supervisory jurisdiction does not mean that it disagrees with Jackson; this is not a practice in which the Court frequently engages. We could locate only eleven times from 1983 to present where *788 this had occurred, two of which were cases arising in this circuit.
Finally, Evans is distinguishable from Jackson. Evans concerned the denial of an exception of prematurity, an interlocutory order that cannot be designated as final under article 1915(B), whereas Jackson, on the other hand, involved an appeal of a partial motion for summary judgment, which falls squarely within the article's parameters.[3] Therefore, the remand of Evans says nothing about the viability of Jackson and this court's en banc decision for the handling of appeals of partial judgments that have not complied with article 1915.
Miller also argues that we should address his appeal under our supervisory jurisdiction. The Supreme Court has instructed the intermediate appellate courts to consider and rule upon the merits of a supervisory writ, even if the alleged error can be corrected on appeal, when (1) an appellate reversal will terminate the litigation; (2) there is no dispute of fact to be resolved, and (3) the trial court decision appears to be incorrect. Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
In the instant matter, a factual issue must be resolved, i.e., whether Tassin knew or should have known that the vehicle she was driving was stolen; additionally, a determination of the coverage issue would not terminate the litigation. The three tests of Herlitz mandating a conversion of the present appeal to an application for supervisory writ have not been met. Therefore, we decline to exercise our supervisory jurisdiction in this instance.
However, Miller is not without a remedy. In Fraternal Order of Police v. City of New Orleans, XXXX-XXXX (La.11/8/02), 831 So.2d 897, the City of New Orleans filed a writ application after the court of appeal's dismissed its appeal because it was purportedly untimely. The decision the City sought to appeal was a partial summary judgment entered by the trial judge pursuant to La. C.C.P. art. 966(E) on 27 April 2000. On 5 June 2000, 39 days after the issuance of the judgment, the City filed a motion to certify the partial judgment as final for purposes of immediate appeal, pursuant to La. C.C.P. art. 1915. Although the trial judge signed an order certifying the partial judgment as final on 20 June 2000, the notice of signing of the order was not mailed to counsel for the City until 7 November 2000. The City filed its appeal the next day.
This court dismissed the appeal as untimely on the basis of the Supreme Court's previous interpretation of the pre-1999 amendment version of La. C.C.P. art. 1915 in Shell Pipeline Corp. v. Kennedy, XXXX-XXXX (La.10/16/01), 799 So.2d 475. Applying Shell Pipeline, the majority found that the appeal in this case was untimely because it was not filed within 67-days of the signing of judgment. The 67 day period was calculated by adding the seven-day delay for filing a motion for new trial, established by La. C.C.P. art.1974, to *789 the 60-day delay for filing a devolutive appeal, established by La. C.C.P. art.2087.
The issues presented to the Court were: (1) whether a motion to certify a partial judgment as final for purposes of appeal must be filed within a specific time period after the trial court's issuance of the partial judgment; and (2) whether the delay for filing an appeal of a partial judgment begins on the day the motion to certify is signed by the trial judge or the day the notice of signing of the motion is mailed.
After analyzing the applicable statutes, the Supreme Court held that a motion to certify a partial summary judgment as final for purposes of immediate appeal does not have to be filed within a specific time period after the trial court's issuance of the judgment. Fraternal Order of Police, XXXX-XXXX at p. 4, 831 So.2d at 899. In addition, the Court held that the delay for filing an appeal of a partial judgment begins on the day the notice of signing a motion to certify is mailed. Id. at p. 5, 831 So.2d at 900. Fraternal Order of Police has eviscerated Shell Pipeline.
We find, therefore, that a dismissal of this appeal without prejudice permits the appellant to obtain the required article 1915 designation and thereafter file an appeal in this court of that judgment.[4]
Accordingly, the appeal filed by Miller is dismissed without prejudice. The judgment sought to be appealed is not a final judgment that is immediately appealable because the judgment is not properly designated by the trial court as a final judgment for the purpose of immediate appeal. La. C.C.P. art. 1915(B) as it existed prior to the 1999 amendments thereto, and as interpreted by this court's en banc decision in Jackson v. America's Favorite Chicken Co., supra, requires the dismissal without prejudice. We adhere to our ruling in Jackson and jurisprudence to the contrary is rejected as no longer of precedential value.
APPEAL DISMISSED WITHOUT PREJUDICE.
JONES, J. Dissents With Reasons.
JONES, J. Dissents With Reasons.
Professor Frank Maraist and Justice Harry T. Lemmon (retired) promulgate that "[w]hen a partial final judgment reaches the court of appeal without proper designation, but the circumstances justify an early appellate decision, the appellate court probably should exercise its supervisory jurisdiction to hear the case." 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 14.3 (Supp.). This point was further elucidated in Evans v. Charity Hospital in New Orleans, XXXX-XXXX, pp. 2-3 (La.App. 4 Cir. 11/14/01), 801 So.2d 1192, 1194-1195 which states:
The Supreme Court's ruling in this case effectively has overruled this Court's decision in Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, in which it was held that this Court no longer would convert appeals from partial summary judgments that had not been certified as final by the district court to applications for supervisory writs. The Supreme *790 Court's remand with instruction to consider this appeal under our supervisory jurisdiction reminds us, as this Court noted in Livingston Downs Racing Association, Inc. v. Louisiana State Racing Commission, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216 that:
the difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right. As a general rule, the Court of Appeal does not exercise its discretionary supervisory jurisdiction in the absence of a showing that the failure to do so will result in irreparable injury. Where an appeal would provide an adequate remedy there would normally be no irreparable injury and the Court would not issue certiorari to review the judgment complained of ...
The record in this matter indicates that the judgment of October 8, 2002, was the subject of a Motion for Devolutive Appeal filed on October 24, 2002. While the appellant is not entitled to appeal this interlocutory judgment, he clearly filed his appeal within the delays allowed for this Court to exercise our supervisory jurisdiction. Thus, it is not appropriate for this Court to dismiss this appeal, but rather we should exercise our supervisory jurisdiction pursuant to Evans, supra.
NOTES
[1] As required by law, because this lawsuit was filed before 1 January 2000, the effective date of Acts 1999, No. 1263, we apply Article 1915 as it existed prior to the 1999 amendments.
[2] Article 2083 provides in pertinent part:

A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury .... [Emphasis added.]
[3] However, irreparable injury was shown permitting an appeal by a hospital from an order overruling its exception of prematurity made on a claim that complaint was required to be presented first to a medical review board as required by Louisiana Medical Malpractice Act (La. R.S. 40:1299.41 et seq.). See Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1 Cir.1979); see also Lange v. Earl K. Long Medical Center, 97 1661 (La.App. 1 Cir. 6/29/98), 713 So.2d 1195, writ denied, 98-2061 (La.11/13/98), 730 So.2d 935 (Although judgment rejecting a dilatory exception raising the objection of prematurity is interlocutory, a judgment requiring a health care provider to forego the benefit of a medical review panel is appealable in that panel proceedings cannot be adequately replicated after reversal on appeal.).
[4] We do not mean or intend to say that the trial court is required to certify the judgment as final, immediately appealable, and that no just reason for delay of the appeal is warranted. Rather, the decision whether an otherwise partial judgment is final and subject to an immediate appeal is determined by the trial judge and reviewable by an appellate court on an application for supervisory writs; our review would be upon whether the trial court abused its vast discretion in not certifying the judgment as final and immediately appealable.