NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-223

RAIN CII CARBON LLC

VERSUS

TURNER INDUSTRIES GROUP, LLC,
RECON ENGINEERING, INC., AND
VICTORY ENERGY OPERATIONS, LLC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2013-1325, DIVISION D
THE HONORABLE ROBERT L. WYATT, PRESIDING

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

DEVOLUTIVE APPEAL DISMISSED
WITHOUT PREJUDICE.

Ashley Lucile Belleau
Joseph Briggett
LUGENBULHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
(504) 568-1990
COUNSEL FOR DEFENDANT/APPELLEE:
    Victory Energy Operations, LLC

**Sidney Wallis Degan, III**
**Travis Louis Bourgeois**
**Karl H. Schmid**
**DEGAN, BLANCHARD & NASH**
**400 Poydras Street, Suite 2600**
**New Orleans, Louisiana  70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Illinois National Insurance Company and**
     **Chartis Specialty Insurance Company**

**Joseph A. Delafield, Attorney at Law**
**3401 Ryan Street, #307**
**Lake Charles, Louisiana  70605**
**(337) 477-4655**
**COUNSEL FOR DEFENDANT:**
     **Turner Industries Group, LLC**

**James M. Garner**
**Peter L. Hilbert, Jr.**
**Thomas J. Madigan, II**
**Emily E. Ross**
**SHER GARNER CAHILL RICHTER KLEIN**
**& HILBERT, LLC**
**909 Poydras Street, 28th Floor**
**New Orleans, Louisiana  70112**
**(504) 299-2100**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Rain CII Carbon LLC**

**Christopher P. Ieyoub**
**PLAUCHE, SMITH & NIESET, LLC**
**Post Office Drawer 1705**
**Lake Charles, Louisiana  70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **ReCon Engineering, Inc.**

**Patrick J. McShane**
**Danica Benbow Denny**
**Kathleen P. Rice**
**Lauren A. Guichard**
**FRILOT, LLC**
**3700 Energy Center**
**1100 Poydras Street**
**New Orleans, Louisiana  70163-3600**
**(504) 599-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Alterra America Insurance Company**

**Robert I. Siegel**
**Alistair M. Ward**
**GIEGER, LABORDE & LAPEROUSE, LLC**
**Suite 4800 One Shell Square**
**701 Poydras Street**
**New Orleans, Louisiana 70139-4800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Catlin Specialty Insurance Company**

**Kristopher T. Wilson**
**Heather N. Sharp**
**LUGENBULHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
**601 Poydras Street, Suite 2775**
**New Orleans, Louisiana 70130**
**(504) 568-1990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**First Financial Insurance Company**

**PICKETT, Judge.**

This court, on its own motion, issued a rule to the appellant, Rain CII Carbon LLC (Rain), to show cause why its appeal should not be dismissed as having been taken from a non-appealable interlocutory judgment. *See* La.Code Civ.P. art. 1915(B). For the reasons that follow, we dismiss the appeal.

Rain produces calcined petroleum coke, which is a critical component for aluminum production. The process requires a considerable amount of heat, and Rain undertook a major endeavor to build a waste heat recovery power generation unit at its facility in order to capture heat exhausted from the calcining process and covert it to usable electricity. ReCon Engineering, Inc. (ReCon), was retained to provide engineering services for the project. Turner Industries Group, LLC (Turner), was retained to provide construction management and vendor surveillance. Victory Entergy Operations, LLC (Victory), was retained to fabricate equipment for the project.

Several disputes arose, and on March 15, 2013, Rain filed suit against ReCon, Turner, and Victory seeking damages for the added labor and expenses that allegedly resulted from the negligence of ReCon, Turner, and Victory. When Rain amended its petition to add claims under the Louisiana Direct Action Statute, La.R.S. 22:1269, ReCon's insurers, Alterra America Insurance Company, Chartis Specialty Insurance Company, Illinois National Insurance Company, First Financial Insurance Company, and Catlin Specialty Insurance Company (hereinafter collectively referred to as the Insurers), were added as defendants. The Insurers filed exceptions of no right of action, prematurity, and lis pendens. The no right of action exception alleged that because Rain's claims against ReCon were all contractual in nature, they did not fall under the Louisiana Direct Action Statute.

The Insurers' exceptions came for hearing on October 4, 2016, and the trial court granted the exception of no right of action. The Insurers submitted the judgment that was ultimately signed by the trial court.[1] That judgment granted the exception of no right of action, finding that Rain's claims against ReCon (the insured) arose solely out of contractual obligations and, consequently, dismissed Rain's claims against the Insurers with prejudice on the petitions previously filed in the case.

Louisiana Code of Civil Procedure Article 1915(B)(1) provides:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

We find that the grant of the peremptory exception of no right of action dismissing Rain's claims against the Insurers is a partial judgment pursuant to La.Code Civ.P. art. 1915(B). Had the judgment completely dismissed any party, it would have been a partial final judgment under La.Code Civ.P. art. 1915(A)(1) with no need for a designation. However, the fourth amended petition was filed on November 22, 2016, after the hearing on the exceptions and prior to the signing of the appealed judgment. The fourth amended petition reflected the fact that Rain reached a settlement with ReCon[2] and XL Specialty Insurance but reserved its rights against Alterra America, Catlin Specialty, First Financial, Chartis Specialty, and Illinois National. The fourth amended petition asserted claims against ReCon and the Insurers for negligence and property damages (as opposed to the claims

---

[1] Rain submitted its own version of the judgment which included language to dismiss the claims without prejudice with time to amend the petition. Rain's version was rejected by the trial court.

[2] ReCon remained as a nominal defendant to satisfy the requirements of Louisiana's Direct Action Statute.

2

alleging breach of contract). Thus, the Insurers remained as defendants even after their exception of no right of action was granted because the granting of the exception did not concern the allegations made in the fourth amended petition.

Because no party was completely dismissed from the litigation by the granting of the exception, this judgment falls squarely within the ambit of La.Code Civ.P. art. 1915(B). The judgment at issue in this matter was not designated by the trial court as appealable, and, absent such a designation, it is not appealable at this time. Rain is free to seek the required designation under La.Code Civ.P. art. 1915(B) and then file an appeal of that judgment. We decline to exercise our supervisory jurisdiction to convert this writ to an appeal even though Rain filed a notice of intent to apply for supervisory writs simultaneously with the filing of its petition for appeal. We find that Rain will have an adequate remedy through an ordinary appeal once a judgment with a designation of finality under La.Code Civ.P. art. 1915(B)(1) is obtained[3] or by an appeal following the complete adjudication of this suit.

The devolutive appeal is hereby dismissed without prejudice.

**DEVOLUTIVE APPEAL DISMISSED WITHOUT PREJUDICE.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

---

[3] Should the trial court refuse to designate the judgment as final, Rain can seek review of that refusal by writ application. *See Miller v. Tassin*, 02-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782.