831 So.2d 897 (2002)
FRATERNAL ORDER OF POLICE
v.
The CITY OF NEW ORLEANS.
No. 2002-C-1801.
Supreme Court of Louisiana.
November 8, 2002.
Rehearing Denied January 10, 2003.
*898 PER CURIAM.
This writ application arises out of the court of appeal's dismissal of an appeal filed by the City of New Orleans because it was purportedly untimely. The decision the City seeks to appeal is a partial summary judgment entered by the trial judge pursuant to 966(E) on April 27, 2000. On June 5, 2000, 39 days after the issuance of the judgment, the City filed a motion to certify the partial judgment as final for purposes of immediate appeal, pursuant to La.Code of Civ. Proc. art.1915. Although the trial judge signed an order certifying the partial judgment as final on June 20, 2000, the notice of signing of the order was not mailed to counsel for the City until November 7, 2000. The City filed its appeal the next day, November 8, 2000.
In a 2-1 decision[1], the appellate court dismissed the appeal as untimely on the basis of this court's previous interpretation of the pre 1999 amendment version of La.Code of Civ. Proc. art.1915 in Shell Pipeline Corp. v. Kennedy, XXXX-XXXX (La.10/16/01), 799 So. 29-475. In that case, the court allowed an appeal of a partial summary judgment, despite the fact that the trial judge had not designated the judgment as final for purposes of immediate appeal. Applying Shell Pipeline, the appellate court majority found that the appeal in this case was untimely because it was not filed within 67 days of the signing of judgment. The 67-day period was calculated by adding the seven-day delay for filing a motion for new trial, established by La.Code of Civ. Proc. art. 1974, to the 60-day delay for filing a devolutive appeal, established by La.Code of Civ. Proc. art.2087.
As noted above, the seven-month period in this case between the signing of the partial summary judgment and the filing of the appeal was caused by a combination of the City's failure to file its motion to certify until 39 days after entry of the judgment, and the clerk of court's failure to mail notice of the signing of the order until almost five months after the order was actually signed in chambers. Thus, disposition of this writ application depends on the answer to two questions: (1) whether a motion to certify a partial judgment as final for purposes of appeal must be filed within a specific time period after the trial court's issuance of the partial judgment; and (2) whether the delay for filing an appeal of a partial judgment begins on the day the motion to certify is signed by *899 the trial judge or the day the notice of signing of the motion is mailed.
In answering these two questions, we are guided by the following principles stated in Shell Pipeline:
It is well settled that appeals are favored in the law. General Motors Acceptance Corp. v. Deep South Pest Control Inc., 247 La. 625, 173 So.2d 190, 191 (1965). As we stated in U.S. Fire Insurance Co. v. Swann, 424 So.2d 240, 244-45 (La.1982), an appeal should not be dismissed unless the ground urged for dismissal is free from doubt:
In recognition of the fact that procedural rules are merely to implement the substantive law, as well as the fact that appeals are constitutionally guaranteed (La. Const. art. V, § 5 and § 10), this Court has consistently held that appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Davidge v. Magliola, 346 So.2d 177 (La. 1977); Howard v. Hardware Mutual Company, 286 So.2d 334 (La.1973); Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967). Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. Gulf States Utilities Co. v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (La.1965); Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594 (La.1963).
XXXX-XXXX at 4-5, 799 So.2d at 478.
Concerning the first question posed above, the appellate court majority's finding that the appeal was untimely because it was not filed within 67 days of the signing of the judgment implicitly requires that a motion to certify a partial judgment as final for purposes of immediate appeal be filed within seven days, or at some point less than the 67-day time limit. The court of appeal majority expressly calculated the delay period by adding the seven-day period for filing a motion for new trial to the 60-day delay for filing a devolutive appeal. We find this to be error.
A motion to certify a partial judgment as final filed pursuant to La.Code of Civ. Proc. art.1915 is similar to a motion for new trial only in the sense that it is a filing that occurs post-judgment. In fact, an important difference exists between the codal articles governing motions for new trial and the codal article requiring that a partial judgment be certified as final prior to immediate appeal. While La.Code of Civ. Proc. art.1974 establishes an explicit seven-day time delay for filing a motion for new trial[2], neither La.Code of Civ. Proc. Art.1915 nor any other provision of Louisiana law establishes a time delay for filing a motion to certify a judgment as final. In the absence of an explicit expression of legislative will, Louisiana courts have no basis for imposing a specific delay for filing a motion to certify a judgment as final for purposes of immediate appeal. Thus, the answer to the first question presented above is that a motion to certify a partial summary judgment as final for purposes of immediate appeal does not have to be filed within a specific time period after the trial court's issuance of the judgment.
The logic of such a rule is obvious. If a partial judgment has been entered in a *900 case in which a final judgment is perhaps years away, a party should be allowed to facilitate disposition of the case by seeking permission from the trial judge to appeal the partial judgment at any time prior to entry of a final judgment in the case. If the trial judge indicates his or her belief that such an appeal would facilitate the matter by signing the order, the appeal should be allowed to go forward, even if a considerable period of time has passed between the entry of the partial judgment and the filing of the appeal. Obviously, if substantial delay has occurred between the rendition of a partial judgment and a motion for certification, this is a factor the trial court can access in exercising its discretion as to whether the motion should be granted or denied. Appeals of partial judgments often facilitate matters pending before a trial court by allowing for correction of errors prior to trial and entry of final judgment. Moreover, a rule allowing a motion to certify to be filed at any time prior to final judgment in the case is consistent with the general principles favoring appeals, as well as the principles prohibiting the dismissal of appeals unless the reason for doing so is free from doubt. Id.
Concerning the second question posed above, La.Code of Civ. Proc. art. 1914(B) specifically requires the clerk of court to mail notice of the rendition of an interlocutory order or judgment when a case has been taken under advisement by the court. Moreover, it is the mailing of notice of the signing of judgment, not the signing of judgment itself, that acts as the triggering event that commences the delay for filing both suspensive and devolutive appeals. La.Code of Civ. Proc. arts. 2087(A)(2), 2123(A)(2). No logical or legal reason exists for applying a different rule to interlocutory orders signed after a case has been taken under advisement by the trial judge. Thus, the answer to the second question is that the delay for filing an appeal of a partial judgment begins on the day the notice of signing a motion to certify is mailed.
Moreover, the reliance of the appellate court majority on Shell Pipeline to dismiss the appeal in this case was misplaced. In that case, this court held that the pre 1999 amendment to La.Code of Civ. Proc. art. 1915 was ambiguous on the question of whether a certification was necessary prior to appeal of a partial summary judgment granted pursuant to La.Code of Civ. Proc. art. 966(E). At the time the Shell Pipeline case and the instant case were filed, La.Code of Civ. Proc. art. 1915(A) defined partial judgments, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
(Emphasis added.) In 1999, the legislature amended La.Code of Civ. Proc. 1915(A)(3) to read as follows: "but not including a summary judgment granted pursuant to Article 966(E)." Citing, "[t]he fact that the legislature felt it was necessary to amend La.Code of Civ. Proc. art. 1915(A)(3) to specifically exclude partial summary judgments demonstrates the confusion in the law," this court found that the ground urged for dismissal "i.e., a lack of designation of the judgment as a final judgment by the district court" was not free from doubt. Accordingly, *901 this court reversed the judgment dismissing the appeal.
Likewise, in the instant case, the ground for dismissal cited by the appellate courti.e., the fact that no designation was necessary in Shell Pipelineis not free from doubt. The same ambiguity concerning the certification requirement that lead this court to reverse the judgment dismissing the appeal in Shell Pipeline demands reversal of the judgment dismissing the appeal in this case. Because the pre 1999 amendment version of the La.Code of Civ. Proc. art.1915 was ambiguous on the certification requirement, the City's interpretation of the article to require certification in this case is just as reasonable as interpretation of the article not to require certification in Shell Pipeline. Because appeals are favored at law and because the grounds for dismissing the appeal cited by the appellate court in this case are not free from doubt, the judgment dismissing the appeal is reversed.
Accordingly, the appeal in this case is reinstated and the case is hereby remanded to the court of appeal for full briefing and opinion.
KIMBALL, J., and TRAYLOR, J., would deny the writ application.
NOTES
[1] Judge Murray dissented with reasons.
[2] Likewise, La.Code of Civ. Proc. art. 1811(A)(1) establishes a seven-day delay for filing a motion for judgment notwithstanding the verdict.