845 So.2d 406 (2003)
Kristina W. SHAPIRO and Alfred B. Shapiro
v.
L & L FETTER, INC., NIE Insurance Company, and State Farm Fire and Casualty Company
No. 2002 CA 0933.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
*407 Alfred B. Shapiro, Baton Rouge, Counsel for Plaintiffs/Appellants Kristina W. Shapiro and Alfred B. Shapiro.
William H. Justice, Baton Rouge, Counsel for Defendant/Appellee State Farm Fire & Casualty Company.
*408 Robert H. Cooper, Metairie, Counsel for Defendant/Appellee L & L Fetter, Inc. and NIE Insurance Company.
Lon Norris, Baton Rouge, Counsel for Defendant/Appellee Lonnie Fetter.
Before: KUHN, DOWNING and GAIDRY, JJ.
GAIDRY, J.
This appeal has been brought pursuant to the trial court's certification of a summary judgment as a final partial judgment under La. C.C.P. art.1915. For the following reasons, we find on our de novo review that the trial court erred in certifying the partial summary judgment as a final judgment. As a result, this court lacks subject matter jurisdiction, and the appeal must be dismissed.

FACTS AND PROCEDURAL HISTORY
On February 19, 1999, a fire destroyed a town house in Baton Rouge. The plaintiffs, Alfred and Kristina Shapiro, resided in an adjacent town house, also damaged by the fire. As a result of the fire, much of the movable property in the Shapiros' residence was damaged by smoke and water. Following the fire, Mr. And Mrs. Shapiro delivered damaged clothing to L & L Fetter, Inc., doing business as Fetter's Cleaners (Fetter's), a dry cleaning and laundry business specializing in smoke residue removal and cleaning. A malfunction occurred in equipment used by Fetter's. When Fetter's returned the Shapiros' clothing, a large portion of the clothing had been damaged beyond repair.
On February 18, 2000, Mr. and Mrs. Shapiro filed suit seeking to recover the value of their damaged clothing. Named as defendants were Fetter's; its insurer, NIE Insurance Company; and State Farm Fire and Casualty Company (State Farm), which issued a homeowner's insurance policy to the Shapiros providing fire and extended damage coverage. State Farm filed a motion for partial summary judgment seeking to dismiss the Shapiros' claims against it for the alleged damage caused by Fetter's. The Shapiros filed a motion for partial summary judgment seeking a determination that the State Farm policy did provide coverage for the damage to their clothing by Fetter's.
Following a hearing on the opposing motions for summary judgment, the trial court denied the Shapiros' motion, but granted State Farm's motion. The trial court made a specific finding that there was no coverage under the State Farm homeowner's policy for any and all damages arising from the alleged negligent dry cleaning process of Fetter's, as opposed to damages caused directly by the fire. The trial court noted that its ruling did not prevent the Shapiros from attempting to prove alternatively that irreparable damage was already done to their clothing as a direct result of the fire, and therefore covered as a loss under their State Farm policy. In the judgment, the trial court expressed the finding, "per the stipulation of counsel," that its judgment was immediately appealable as a final judgment pursuant to La. C.C.P. art.1915. Mr. And Mrs. Shapiro appeal the judgment of the trial court.

APPELLATE JURISDICTION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. McGehee v. City/Parish of East Baton Rouge, 00-1058, p. 3 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 260. This court's appellate jurisdiction extends to "final judgments." La. C.C.P. art.2083. A judgment that determines the merits in whole or in part is a final judgment. La. *409 C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art.1915.
Louisiana Code of Civil Procedure Article 1915 authorizes the immediate appeal of final judgments, including "final" partial judgments. It provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
. . . .
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).[1]
. . . .
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Our emphasis; footnote added.)
The first determination a trial court must make in certifying a partial judgment as immediately appealable under La. C.C.P. art. 1915(B) is its finality. A certification of a judgment as final by the trial court under La. C.C.P. art. 1915(B) is jurisdictional in nature, rather than discretionary. Van v. Davis, 00-0206, p. 2 (La. App. 1st Cir.2/16/01), 808 So.2d 478, 480. But the trial court's mere designation of a partial judgment as final, without more, does not make that judgment immediately appealable. This court is not bound by the trial judge's certification of the partial adjudication as final for the purpose of an immediate appeal; we should confirm finality de novo. See Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, pp. 9-10 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1047, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338.
The motion on which judgment was rendered is designated on its face as a motion for "partial" summary judgment. The judgment does not dismiss the plaintiffs' claims against State Farm in their entirety, despite both parties' imputation of that result in their briefs to this court. Instead, it expressly states that it "does not in any way prevent the plaintiffs from attempting to prove that irreparable damage was already done to their clothing as a direct result of the fire."
*410 There is no evidence in the record that the trial court made an "express determination" that the issue was ripe for appeal; in other words, there is no evidence showing that the trial court made a considered determination of the propriety of an immediate appeal, nor that the court articulated express reasons why it found "there is no just reason for delay." There is only a purported "finding" expressly based upon the "stipulation of counsel." This appears to be "form" verbiage used under the prior version of La. C.C.P. art. 1915(B). Under the present version of the article, the parties may not invoke this court's appellate jurisdiction to review a partial judgment by mutual consent.[2] Valid certification of a partial judgment as final requires that the trial court give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice. Dean v. United Medical Center, 01-1414, p. 8 (La.App. 4th Cir.4/17/02), 816 So.2d 926, 930. This requirement is implicit from the language of La. C.C.P. art. 1915(B); Article 1915(B)(1) requires the designation ("certification") be made "after an express determination," and Article 1915(B)(2) refers to "determination and designation." Unless the pre-certification determination is made and "express," the certification of the partial judgment as "final" is deficient. See Boudreaux v. Audubon Insurance Company, 01-2061 (La. App. 1st Cir.10/16/02), 835 So.2d. 681.
The determination that a partial judgment's certification as final is deficient does not mean that the appeal should be necessarily be dismissed, however. Appeals are favored in the law, and should not be dismissed unless the reason for doing so is free from doubt. Fraternal Order of Police v. City of New Orleans, 02-1801, pp. 2-4 (La.11/8/02), 831 So.2d 897, 899-900. In the cited case, the Louisiana Supreme Court held that "[i]n the absence of an explicit expression of legislative will, Louisiana courts have no basis for imposing a specific delay for filing a motion to certify a partial summary judgment as final for purposes of immediate appeal." Id., 02-1801 at p. 4, 831 So.2d at 899. The court further observed that "[a]ppeals of partial judgments often facilitate matters pending before a trial court by allowing for correction of errors prior to trial and entry of final judgment." Id., 02-1801 at p. 4, 831 So.2d at 900.
In the event of a deficient certification lacking the required express determination, the appellate court should conduct a de novo review of the record for the purpose of determining whether dismissal without prejudice or remand for supplementation of the record by the trial court is appropriate. In conducting its review, the appellate court should utilize the same criteria used by a trial court in expressly determining the propriety of certification of a partial judgment as final. See Berman v. De Chazel, 98-81, pp. 3-5 (La. App. 5th Cir.5/27/98), 717 So.2d 658, 660-61.[3] If the record does not disclose factors upon which a trial court could base a finding that there is "no just reason for delay," *411 the appeal should be dismissed without prejudice. If such factors are found, the case should be remanded to the trial court for the purpose of allowing it to make the required express determination of finality to supplement the appeal record. As the legislature has vested that authority in the trial court, as factfinder, the appellate court should not substitute its own determination on that issue for that of the trial court.
Here, the judgment of the trial court held that there was no coverage under the State Farm homeowner's policy for any damages arising from the alleged fault of Fetter's during the dry cleaning process. The trial court noted that its ruling did not prevent the Shapiros from attempting to prove that irreparable damage was already done to their clothing as a direct result of the fire described in the petition. The judgment neither dismissed State Farm as a defendant from the suit nor resolved the factual issue of what caused the damage to the Shapiros' clothing. The judgment merely clarified that State Farm would have no exposure under its policy if it was determined that the damage to the Shapiros' clothing was caused by Fetter's. Ultimate liability for the loss was not determined by the partial summary judgment, only the availability of insurance coverage under one possible factual scenario. This judgment neither grants relief nor terminates the litigation as to any party. We also note that this judgment would be rendered moot if the factfinder ultimately determines that the damage to the Shapiros' clothing was caused directly by smoke and water damage from the fire.
After a thorough review, determining that the interests of efficient judicial administration predominate, we conclude that the trial court improperly certified the partial summary judgment as final for immediate appeal, and that this appeal must be dismissed without prejudice. Due to our resolution of this jurisdictional issue, we do not determine the merits of the coverage issue addressed in the trial court's judgment. As the partial summary judgment is not a final judgment, it may be revised at any time prior to rendition of a judgment adjudicating the remaining issues in this case. La. C.C.P. art. 1915(B)(2).

CONCLUSION
This court lacks jurisdiction to review the partial summary judgment, as it is not a partial final judgment subject to immediate appeal under La. C.C.P. art. 1915(B), being improperly certified for appeal. The appeal is dismissed without prejudice. All costs of this appeal are assessed against the plaintiffs-appellants, Kristina W. Shapiro and Alfred B. Shapiro.
APPEAL DISMISSED.
NOTES
[1] La. C.C.P. art. 966(E) states, "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case."
[2] Under the prior version of La. C.C.P. art. 1915, applicable to actions filed prior to January 1, 2000, the judgment could either be certified as immediately appealable by the trial court or by specific agreement of the parties.
[3] Such factors include but are not limited to (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. Van, 00-0206 at p. 6, 808 So.2d at 483-84; Berman, 98-81 at p. 4, 717 So.2d at 660, citing Banks v. State Farm Insurance Company, 30,868, p. 4 (La.App. 2nd Cir.3/5/98), 708 So.2d 523, 525.