# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1615

KIMBERLY REGINA LITTON

VERSUS

ANTHONY WAYNE LITTON

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 98-6109,
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

************

## SYLVIA R. COOKS
## JUDGE

************

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and John B. Scofield*, Judges.

**MOTION TO REINSTATE
APPEAL GRANTED.**

SCOTT P. GASPARD
6513 Perkins Road, Suite 101
Baton Rouge, LA 7080
(225) 769-1887
COUNSEL FOR KIMBERLY REGINA LITTON

LEE W. BOYER
STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK
P. O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
COUNSEL FOR ANTHONY WAYNE LITTON

*Judge John B. Scofield, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Cooks, Judge.

In May, 2003, plaintiff-appellant, Kimberly Regina Litton appealed the trial court's judgment regarding custody of her two minor children. At that time, plaintiff-appellant was represented by William Mitchell Redd ("Redd"). On November 24, 2004, this court issued a "Notice of Lodging and Briefing Order" which ordered appellant to file a brief by December 19, 2003. On or about December 15, 2003, Redd file a motion for extension of time within which to file a brief. The motion was granted, and appellant was given 10 additional days to file the brief.

On February 17, 2004, this court sent Redd a "30-Day Notice" indicating the appeal would be dismissed if the appellant's brief was not filed within 30 days from the date of the post-mark of the notice. On March 23, 2004, this court issued an "Order of Dismissal" dismissing the appeal in the above captioned case as appellant failed to file a brief within the delay set forth in the "30-Day Notice."

On May 6, 2004, Scott P. Gaspard ("Gaspard") filed a motion to enroll as counsel for plaintiff-appellant. Said motion was granted. Gaspard also filed a "Motion to Reinstate Appeal" on behalf of appellant The motion to reinstate contains e-mail correspondence exchanged between plaintiff-appellant and Redd.

On February 6, 2004, Redd e-mailed plaintiff-appellant, and although he mentioned the appeal, he stated nothing about his failure to timely file a brief on behalf of plaintiff-appellant. In the February 6, 2004 e-mail, Redd told plaintiff-appellant that he did not believe she had any chance of being successful on her appeal to this court. In an opposition to the motion to reinstate, defendant-appellee implies that Redd's statement that plaintiff-appellant had no chance of being successful on her appeal should have prompted plaintiff-appellant to discharge Redd and hire new counsel. While this court does not disagree with defendant-appellee's implication that plaintiff-appellant should have discharged Redd and hired new counsel, Redd should have informed plaintiff-appellant of his failure to file a brief on her behalf and the consequences of such.

On March 4, 2004, which was subsequent to this court's issuance of the "30-Day Notice," Redd sent plaintiff-appellant a copy of a motion to withdraw as attorney of record. The letter from Redd failed to advise plaintiff-appellant of the "30-Day Notice" or the consequences of failing to file a brief within the delay set forth in the

1

notice. In fact, the letter simply instructed plaintiff-appellant to advise Redd whether she wanted to pick up her file documents or have them forwarded to another attorney.

Despite the fact that an appeal was pending with this court, Redd filed the motion to withdraw with the district court. Redd violated Rule 2-10 of the Uniform Rules - Courts of Appeal which does not permit counsel to withdraw without leave of the appellate court once the trial court is divested of jurisidction.

Based on Redd's failure to notify her of the status of her appeal and the fact that the judgment on appeal involves custody of her children, plaintiff-appellant prays for reinstatement of her appeal. Plaintiff-appellant asserts a malpractice action against Redd would not provide her with an adequate remedy as the judgment at issue involves custody of her children.

In *Fraternal Order of Police v. City of New Orleans*, 2002-1801 (La. 11/8/02), 831 So.2d 897, the Supreme Court stated, "[i]t is well settled that appeals are favored in law." In view of the fact that appeals are favored, Redd's violation of this court's rule on withdrawal of counsel, Redd's failure to notify plaintiff-appellant of his failure to file a brief on behalf of plaintiff-appellant and the consequences thereof, and the fact that the judgment at issue involves custody of appellant's children, this court, in the interest of justice, hereby grants plaintiff-appellant's motion to reinstate appeal.

**MOTION TO REINSTATE APPEAL GRANTED.**