WALTER J. ROTHSCHILD, Judge.
|2Ray Brown d/b/a/ Ray Brown Builders (“Ray Brown”) initiated this Petition for Breach of Contract and Damages against Victor and June Loraso (“the Lorasos”) seeking costs, fees and damages in conjunction with a construction contract executed between the parties on November 10, 2002. The Lorasos answered the petition with a general denial and also brought a Reconventional Demand against Ray Brown for certain enumerated failures in completing the contract specifications.
*456 Ray Brown subsequently filed a Peremptory Exception of Res Judicata alleging that the claims raised by the Lorasos in their Reconventional Demand had been discharged in compromise without any reservation of rights in a separate court proceeding. Following a hearing, the trial court rendered judgment on October 8, 2010 granting the exception of res judicata and dismissing with prejudice the recon-ventional demand brought by the Lorasos against Ray Brown. The Lorasos thereafter perfected this suspensive appeal.
| ..¡Following the lodging of the record in this Court, Ray Brown filed a Motion to Dismiss Appeal on the basis that the October 8, 2010 judgment did not constitute a final judgment and was therefore not immediately appealable pursuant to La. C.C.P. art. 1915. On April 5, 2010, this Court referred this Motion to the merits of the appeal. After a review of the record and applicable law, we find merit in Ray Brown’s argument that the judgment is not final and immediately appealable, and we therefore must dismiss the instant appeal without prejudice.
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. McGehee v. City/Parish of East Baton Rouge, 00-1058, p. 3 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260. This court’s appellate jurisdiction extends to “final judgments.” La. C.C.P. art. 2083. A judgment that determines the merits' in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art. 1915.
La. C.C.P. art. 1915 provides in pertinent part:
B. (1) When a court renders a partial judgment or a partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination by the court that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
The judgment in this case does not adjudicate the claims of all the parties because it only disposes of the reconventional demand filed by defendants and does not consider the demands made by the plaintiff. First Bank and Trust v. Proctor’s Cove II, LLC, 10-1, p. 3, (La.App. 5 Cir. 3/16/10), 37 So.3d 1019, 1020, writ denied, 10-860 (La.6/18/10) 38 So.3d 328. The judgment is therefore a partial judgment, and must be designated by the court as final for the purpose of an immediate appeal. La. C.C.P. art. 1915(B)(2). The judgment of the trial court in this case is silent as to whether the judgment is final; there is no indication from the record that there has been a certification or designation as required by La. C.C.P. art. 1915.
Although our Supreme Court has interpreted La. C.C.P. art. 1915 to require the Court of Appeal to determine from the record whether a certification of a judgment as final is within the discretion of the trial judge prior to summarily dismissing the appeal, no such requirement applies where there has been no certification of *457 the judgment as final. Messinger v. Rosenblum, 04-1664 (La.3/2/05) 894 So.2d 1113. This court lacks jurisdiction to review a partial judgment, as it is not a partial final judgment subject to immediate appeal under La. C.C.P. art. 1915(B). See, Shapiro v. L & L Fetter, Inc., 02-933, p. 7 (La.App. 5 Cir. 2/14/03), 845 So.2d 406, 410; Raspanti v. Raspanti, 05-738, p. 4 (La.App. 5 Cir. 3/3/06), 925 So.2d 676.
As there has been no certification of the partial judgment as final pursuant to La. C.C.P. art. 1915, we have no appellate jurisdiction to review it. Accordingly, we dismiss this appeal without prejudice., All costs of this appeal are assessed against the Lorasos.

APPEAL DISMISSED