HIGGINBOTHAM, J.
Claimant-employee appealed from the decision of the Office of Workers' Compensation, granting summary judgment in favor of his employer and finding the employee's workers' compensation benefits were forfeited for his failure to answer truthfully his employer's questions concerning prior injuries, and terminating the employee's benefits pursuant to La. R.S. 23:1208.1.
FACTS AND PROCEDURAL HISTORY
On May 16, 2016, claimant, Felton Galliano, was hired by CB & I, as an electrician's helper. In completing the paperwork for his employment, Mr. Galliano filled out the Louisiana Office of Workers' Compensation Second Injury Board Knowledge Questionnaire (SIF questionnaire). The SIF questionnaire is used to provide CB & I with knowledge about any pre-existing medical condition or disability of Mr. Galliano which might entitle CB & I to reimbursement from the Louisiana Workers' Compensation Second Injury Board in the event Mr. Galliano suffers an on-the-job injury.
On July 29, 2016, while working for CB & I, Mr. Galliano was installing cable. While picking up the slack in the cable, he felt a pain in his back that radiated into his groin, buttocks, and down his right leg. Initially, CB & I accepted Mr. Galliano's workers' compensation claim from the July 29, 2016 accident as compensable and paid for Mr. Galliano's treatment. However, after an investigation into Mr. Galliano's claims, wherein CB & I asserts it discovered that Mr. Galliano failed to answer truthfully questions about prior injuries on the SIF questionnaire, CB & I terminated *908 his benefits. CB & I notified Mr. Galliano that his benefits were being terminated on February 10, 2017.
Thereafter, on June 13, 2017, Mr. Galliano filed a Disputed Claim for Compensation with the Office of Workers' Compensation against CB & I. CB & I answered contending that Mr. Galliano forfeited his rights to workers' compensation benefits of any kind as a result of his failure to truthfully answer questions regarding prior similar injuries, disabilities, or other medical conditions in direct violation of La. R.S. 23:2801.1. CB & I also filed a reconventional demand seeking restitution for all expenses and benefits it incurred.
On November 29, 2017, CB & I filed a motion for summary judgment contending that there are no genuine issues of material fact with respect to whether Mr. Galliano forfeited his right to workers' compensation benefits as a result of his failure to truthfully answer questions in violation of La. R.S. 23:1208.1. In support of its motion for summary judgment, CB & I attached, among other items: (1) Mr. Galliano's disputed claim for compensation (exhibit A); (2) Mr. Galliano's certified personnel records from his time at CB & I and his prior employers (exhibits B and H); (3) Mr. Galliano's certified medical records (exhibits D and E); (3) Mr. Galliano's deposition (exhibit F); (4) the medical opinion of Dr. Alan Schroeder (exhibit I); and (5) Dr. Schroeder's deposition (exhibit J). The deposition of Mr. Galliano, exhibit F, listed three exhibits in the index that included the SIF questionnaire. However, the documents were not attached to the deposition.
In opposition to CB & I's motion for summary judgment, Mr. Galliano objected to the introduction of exhibits B[1] and H, his personnel records from CB & I and prior employers. Mr. Galliano pointed out that neither of the exhibits qualified as pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, or admissions as required by La. Code Civ. P. art. 966(A)(4).
CB & I's motion for summary judgment came before the Workers' Compensation Judge (WCJ) on January 8, 2018. During the hearing, the WCJ excluded exhibits B and H, finding that the record certification was not the same as an affidavit, and therefore, not proper summary judgment evidence under La. Code Civ. P. art. 966.
Also, on the day of the hearing, CB & I's attorney acknowledged that three documents, including the SIF questionnaire, were inadvertently left off of Mr. Galliano's deposition by his office, and he asked the court to supplement exhibit F with the documents. Additionally, CB & I offered into evidence on the day of the hearing the affidavit of Blake Alphonso, the attorney who took Mr. Galliano's deposition, explaining why the SIF questionnaire was not attached to the original motion for summary judgment. Mr. Galliano objected, pointing out that La. Code Civ. P. art. 966 does not allow for filing additional documents on the day of the hearing. The trial court left the record open for Mr. Galliano's attorney to review the supplementation to determine if he saw the documents at the deposition. In reviewing the documents, Mr. Galliano's attorney did not contest the authenticity of the documents, but continued to object based on La. Code Civ. P. art. 966. In deciding to allow admission of the exhibits as a supplement to exhibit F, the WCJ pointed out that "there is no prejudice to the opposing side" because Mr. Galliano had a copy of the SIF questionnaire, he was part of the deposition, and the SIF questionnaire was included as *909 part of exhibit B, which was attached to CB & I's motion for summary judgment.
After the hearing, the WCJ signed a judgment on April 9, 2018, granting CB & I's motion for summary judgment as well as CB & I's reconventional demand. It is from this judgment that Mr. Galliano appeals.
STANDARD OF REVIEW
When reviewing summary judgments, appellate courts conduct a de novo review of the evidence, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La. App. 1st Cir. 8/11/08), 993 So.2d 725, 729-30. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof is on the mover. La. Code Civ. P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. The Shaw Group v. Kulick, 2004-0697 (La. App. 1st Cir. 4/8/05), 915 So.2d 796, 800, writ denied, 2005-1205 (La. 11/28/05), 916 So.2d 148.
Louisiana Revised Statutes 23:1208.1 provides:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
Thus, La. R.S. 23:1208.1 provides for forfeiture under narrow circumstances: (1) there must be an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute. Wise v. J.E. Merit Constructors, Inc., 97-0684 (La. 1/21/98), 707 So.2d 1214, 1218. An employer has the burden of proving each element within the statute. The lack of any one of the elements is fatal to an employer's avoidance of liability. Wise, 707 So.2d at 1218. Because forfeiture is a harsh remedy, statutory forfeiture provisions such as La. R.S. 23:1208.1 must be strictly construed. Nabors Drilling USA v. Davis, 2003-0136 (La. 10/21/03), 857 So.2d 407, 414.
LAW AND ANALYSIS
In his third assignment of error, Mr. Galliano contends that the WCJ erred in allowing CB & I to submit, despite his objection, additional summary judgment evidence on the day of the hearing. Louisiana Code of Civil Procedure article 966(B) provides, in pertinent part:
Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
*910 (1) motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.
(2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.
(3) Any reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum.
Louisiana Code of Civil Procedure article 966(D)(2) provides, in pertinent Part: "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made."
The language of La. Code Civ. P. art. 966(B)(1), which states, "[u]nless extended by the court and agreed to by all of the parties,... [a] motion for summary judgment and all documents in support of the motion shall be filed...not less than sixty-five days prior to trial," is mandatory.[2] (Emphasis added.) Here, it is undisputed that CB & I did not attach the SIF questionnaire to admissible summary judgment evidence. The SIF questionnaire, as a supplement to exhibit F, and Mr. Alphonso's affidavit were not introduced until the day of the hearing, and Mr. Galliano objected to the introduction of the supplement and the affidavit. Therefore, although we acknowledge that the WCJ gave thorough and thoughtful reasons for admitting the documents, the article does not leave discretion to the WCJ if the mandatory timeliness requirements of the article are not met. Thus, we are confined to conclude that the WCJ erred in allowing CB & I to supplement exhibit F with the SIF questionnaire and in allowing the introduction of Mr. Alphonso's affidavit on the day of the hearing.
Without the SIF questionnaire, which is the basis of CB & I's claim that Mr. Galliano failed to truthfully answer questions regarding prior similar injuries and is necessary for CB & I to meet its burden of proving an untruthful statement by Mr. Galliano under La. R.S. 23:1201.1, we find genuine issues of material fact remain, and summary judgment was not appropriate in this case.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court granting summary judgment in favor of CB & I and remand the matter back to the Office of Workers' Compensation for further proceedings.
REVERSED AND REMANDED.
McClendon, J. concurs.

There was no dispute that the SIF questionnaire was included in exhibit B.

Louisiana Civil Procedure article 5053 provides:
Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed.
The word "shall" is mandatory, and the word "may" is permissive.