# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2025 CA 0034

KEVIN COPE AND ROGER LAINE

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA STATE
UNIVERSITY AND A&M COLLEGE,
TEACHERS' RETIREMENT SYSTEM OF LOUISIANA

Judgment Rendered: **AUG 0 4 2025**

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 633,758

Honorable Ronald R. Johnson, Judge Presiding

* * * * * *

| | |
|---|---|
| Jill L. Craft<br>W. Brett Conrad, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Kevin Cope and Roger Laine |
| Richard F. Zimmerman, Jr.<br>Jennifer A. Hataway<br>Madaline K. Rabalais<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Teachers' Retirement System of<br>Louisiana |
| Sheri M. Morris<br>Evan P. Fontenot<br>Christina B. Peck<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>The Board of Supervisors of Louisiana<br>State University and A&M College |
| Alexander T. Reinboth<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Liz Murrill, in Her Official Capacity as<br>Attorney General for the State of<br>Louisiana |

* * * * * *

**BEFORE: McCLENDON, C.J., LANIER AND BALFOUR, JJ.**

**McCLENDON, C.J.**

Appellants, participants in one of the State of Louisiana's retirement programs, appeal a district court's judgment that granted a partial summary judgment in favor of the retirement program's administrator and dismissed appellants' claim seeking a declaration that the state retirement program at issue is invalid because it does not provide benefits comparable to Social Security. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Kevin Cope and Roger Laine are both professors at Louisiana State University and A&M College ("LSU") who began their employment in 1983. As employees of the State of Louisiana, neither Dr. Cope nor Dr. Laine could participate in Social Security, but instead were provided retirement benefits by the State. As teachers, the defined-benefit plan provided by the Teacher's Retirement System of Louisiana ("TRSL") was available to Drs. Cope and Laine when they began their employment, and they enrolled in same in 1983.

In 1989, the Louisiana Legislature adopted an alternative retirement program known as the Optional Retirement Plan ("ORP"), which is a defined-contribution plan. See LSA-R.S. 11:921. The ORP, as well as the defined-benefit plan, is administered by the TRSL.[1] See LSA-R.S. 11:923. The ORP was established as an optional plan to provide maximum portability for employees of public institutions of higher education. LSA-R.S. 11:922. The election to participate in the ORP is irrevocable, and any employee who does not opt-in to the ORP within a particular window of time will automatically become a member of, or remain a member of, the defined-benefit plan by default. See LSA-R.S. 11:925(A). Drs. Cope and Laine opted to join the ORP in 1989. Had Drs. Cope and Laine not elected to participate in the ORP, they would have remained in the defined-benefit plan.

In 2014, Drs. Cope and Laine (hereinafter "plaintiffs") filed a Petition for Declaratory Judgment naming the Board of Supervisors of LSU and TRSL as defendants. The petition was amended several months later. In their petitions, plaintiffs seek three

---

[1] The statutes establishing and governing the TRSL are set forth in LSA-R.S. 11:701, *et. seq.*

2

declarations: 1) that the ORP retirement system is invalid because it is not a qualified replacement plan for Social Security; 2) that the diversion of plaintiffs' contributions to the Unfunded Accrued Liability ("UAL") of the statewide public retirement systems is unconstitutional; and 3) that TRSL has breached its fiduciary duty to plaintiffs by contracting with companies that do not provide a rate of return similar to the TRSL defined-benefit plan.

In response, TRSL filed three separate motions for summary judgment seeking to dismiss each of plaintiffs' three claims against it. The instant appeal concerns solely the first claim—whether the ORP retirement system is invalid. With regard to the first claim, plaintiffs assert that the ORP plan is not a qualified public retirement system plan because it does not provide meaningful and comparable benefits equivalent to Social Security. However, in its motion for summary judgment, TRSL averred that the only requirement for the ORP to be considered comparable to Social Security is that at least 7.5% of the employee's compensation be contributed into the plan. Because it was undisputed that the percentage requirements were met by the ORP, TRSL averred that it was entitled to summary judgment.

Following a hearing on October 12, 2023, the trial court signed a judgment on October 24, 2023 that granted TRSL's motion for summary judgment and dismissed plaintiffs' first claim, which sought a declaration that the ORP is invalid. Thereafter, following a summary judgment hearing on April 3, 2024, the trial court signed two separate judgments on May 1, 2024, which dismissed the other two claims referenced above. On June 25, 2024, the trial court certified the three judgments as final under LSA-C.C.P. art. 1915(B)(1).[2] The plaintiffs then timely appealed all three judgments.

---

[2] The trial court can certify a judgment under 1915(B) at any time. See **In re Interdiction of Gambino,** 2020-00312 (La. 6/3/20), 296 So.3d 1046 (per curiam), citing **Fraternal Order of Police v. City of New Orleans,** 2002-1801 (La. 11/8/02), 831 So.2d 897, 899 (per curiam). ("Absent an expression of legislative will, Louisiana courts cannot impose a specific delay for filing a motion to certify a judgment as final for purposes of an immediate appeal.") See also LSA-C.C.P. art. 2088(A)(11) (Following an appeal, the trial court retains jurisdiction to "[c]ertify a partial judgment or partial summary judgment in accordance with Article 1915(B))."

As noted above, the instant appeal concerns only the October 24, 2023 judgment, which dismissed plaintiffs' claim seeking a declaration that the ORP retirement system is invalid.[3]

## LAW

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Le Reve Bocage, LLC v. Hurricane Work, LLC**, 2023-1319 (La.App. 1 Cir. 9/26/24), 405 So.3d 734, 738. A motion for summary judgment is properly granted if, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The burden of proof rests with the mover. LSA-C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

Declaratory judgment can be resolved through the summary judgment procedure where appropriate. See **Le Reve Bocage, LLC**, 405 So.3d at 738. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **Id.** Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light

---

[3] Considering that the three judgments were all certified as final under LSA-C.C.P. art. 1915(B)(1) and collectively dismissed all claims against the TRSL, we find the certification proper in light of the factors set forth in **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Moreover, we note that the two related appeals were randomly allotted to different panels. The appeal relative to whether TRSL breached its fiduciary duties was lodged with this court as 2024CA0035, while the appeal relative to whether the diversion of plaintiffs' contributions to the UAL of the statewide public retirement systems is unconstitutional was lodged with this court as 2025CA0036. No party has sought consolidation of the three appeals. A decision was rendered by this court in 2024CA0035 on July 3, 2025. See **Cope v. Board of Supervisors of Louisiana State University and A&M College**, 2025-0035 (La.App. 1 Cir. 7/3/25), --- So.3d ---, 2025 WL 1832846.

of the substantive law applicable to the case. **Galliano v. CB & I, LLC**, 2018-0844 (La.App. 1 Cir. 4/10/19), 275 So.3d 906, 909.

Generally, state employees who participate in a Social Security replacement plan for retirement benefits are not subject to Social Security. Pursuant to provisions of the Internal Revenue Code governing Social Security, services performed in the employ of a state or any political subdivision or instrumentality thereof are exempted from the definition of "employment" if the employee is a member of a state retirement system. 26 C.F.R. § 31.3121(b)(7)(F). "Retirement system" is defined by federal regulation as any pension, annuity, retirement or similar fund or system maintained by a State, political subdivision or instrumentality thereof to provide retirement benefits to its employees who are participants. 26 C.F.R. § 31.3121(b)(7)-2(e). A pension, annuity, retirement or similar fund or system is not a retirement system with respect to a state employee unless it provides a retirement benefit to the employee that is comparable to the benefit provided under the Old-Age portion of the Old-Age, Survivor and Disability Insurance program of Social Security. 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(i). Such plans are known as Social Security replacement plans and may either be a defined-benefit plan or a defined-contribution plan, as long as the plan satisfies the minimum requirements set out by law.

The requirements for a defined-contribution system are set forth 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(iii)(A). It provides:

> In general. **A defined contribution retirement system maintained by a State**, political subdivision or instrumentality thereof **meets the requirements of paragraph (e)(2)(i) of this section with respect to an employee if and only if allocations to the employee's account (not including earnings) for a period are at least 7.5 percent of the employee's compensation for service for the State**, political subdivision or instrumentality during the period. **Matching contributions by the employer may be taken into account for this purpose**.

Accordingly, for a defined-contribution plan like the ORP to meet the requirements of a Social Security replacement plan, contributions to the employee's account must be at least 7.5% of his compensation and contributions by the employer can be considered for this purpose.

## DISCUSSION

On appeal, plaintiffs contend that the ORP is not a valid retirement plan. Plaintiffs note that to be valid, the plan must be a qualified Social Security replacement plan. Plaintiffs contend that the ORP fails in that regard because it fails to provide "meaningful and comparable benefits to Social Security." Plaintiffs do not specify where the requirement for "meaningful benefits" is mandated for a defined-contribution plan, but we note that "meaningful benefits" appears in the introductory language found in 56 FR 14488, which was the notice of proposed rule-making that led to the promulgation of 26 C.F.R. § 31.3121(b)(7)-2. See 56 FR 14488-01 ("A major purpose of those sections is to ensure that service by employees of State and local government entities will be covered either under Social Security or under a public retirement system providing *meaningful benefits.*" [Emphasis added.]) However, there is no reference to "meaningful benefits" in 26 C.F.R. § 31.3121(b)(7)-2 as finally promulgated, and there is no specific requirement in the law that the Social Security replacement plan must provide "meaningful benefits." Additionally, the term "meaningful benefits" is not defined in the applicable federal regulations. Rather, as stated above, the only requirement for a defined-contribution plan like ORP to constitute a comparable Social Security replacement plan is that the employee and employer contributions to the plan total at least 7.5% of the employee's compensation. See 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(i) and 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(iii)(A).

Under Louisiana law, each participant in the ORP must contribute the same amount that he would be required to contribute to the TRSL defined-benefit plan if he were a member of that plan. See LSA-R.S. 11:927(A). The requisite contribution by employees to the TRSL defined-benefit plan is 8% of their compensation. See LSA-R.S. 11:62(11)(c). As such, ORP plan participants are statutorily-mandated to contribute 8% of their compensation to the plan. Further, payment of a monthly fee by employees to cover administration and maintenance is statutorily permitted. See LSA-R.S. 11:927(A).

In his affidavit filed in support of the TRSL's motion for summary judgment, Edward A. Branagan, the Employer Services Director at TRSL, attested that participants have contributed 8% of their compensation to their ORP investment accounts since the

6

ORP's establishment in 1990. Mr. Branagan also attested that the fee for administration and maintenance costs was 0.1% from 1990-2011, and then in 2011-2012 and thereafter, the fee decreased to 0.05%. Accordingly, from 1990 to present, the ORP participant contribution ranged from 7.9% to 7.95%. In addition, according to Mr. Branagan, the employers of ORP participants also contributed to the ORP, ranging from a minimum of 5.1839% to a maximum of 7.09%. As such, since the inception of the ORP, the total allocation to an ORP participant's account was never below 13.134%. Considering the foregoing, TRSL showed that the ORP has always met the 7.5% minimum contribution requirement for a defined-contribution plan to be considered a comparable Social Security replacement plan in accordance with 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(iii)(a). Plaintiffs have provided nothing to show that the contributions were ever below 13%.

Even so, plaintiffs urge that merely because the 7.5% threshold has been met, such is not dispositive to show that ORP is a qualified replacement plan. Rather, plaintiffs aver that their ORP accounts do not provide a total accrued benefit comparable to the basic benefit they would have received under Social Security. Plaintiffs urge that unlike their co-workers who are defined-benefit plan members or Social Security participants, plaintiffs do not receive an annual benefit guaranteed for a lifetime. However, the language regarding an annual benefit is found in 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(ii),[4] which, by its very terms, deals with a defined-benefit plan. By contrast, as noted above, the ORP is a defined-contribution plan, which requirements are set forth in 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(iii). The federal regulation clearly provides that the plan "meets the requirements" for a Social Security replacement plan "if and only if allocations to the employee's account (not including earnings) for a period are at least 7.5 percent of the

_____

[4] 26 C.F.R. § 31.3121(b)(7)-2(e)(2)(ii) provides:

> *Defined benefit retirement systems.* A defined benefit retirement system maintained by a State, political subdivision or instrumentality thereof meets the requirements of this paragraph (e)(2) with respect to an employee on a given day if and only if, on that day, the employee has an accrued benefit under the system that entitles the employee to an annual benefit commencing on or before his or her Social Security retirement age that is at least equal to the annual Primary Insurance Amount the employee would have under Social Security. For this purpose, the Primary Insurance Amount an individual would have under Social Security is determined as it would be under the Social Security Act if the employee had been covered under Social Security for all periods of service with the State, political subdivision or instrumentality, had never performed service for any other employer, and had been fully insured within the meaning of section 214(a) of the Social Security Act, except that all periods of service with the State, political subdivision or instrumentality must be taken into account (i.e., without reduction for low-earning years).

employee's compensation for service for the State." Again, there is no genuine issue of material fact that the plan here has met those requirements.

In addition, plaintiffs urge that the plan is not comparable to Social Security benefits because they cannot receive Old-Age, Survivor, and/or Medicare benefits. Plaintiffs also aver that while some health and life insurance plans are available to them through the State once they attain a specific age and number of years of service, they are responsible for paying the entire monthly premiums owed out of their pocket with their money. By contrast, plaintiffs aver that if they participated in other state retirement systems such as LASERS or the defined-benefit plan, the State would pay a significant portion of their health and life insurance premiums. Further, plaintiffs raise issues about UAL, administrative fees, restrictions on withdrawing funds, and the monthly benefits plaintiffs may ultimately receive.

However, the sole issue before this court, as argued in the underlying summary judgment, is limited to whether the defined-contribution plan is a qualified Social Security replacement plan. As set forth above, the ORP meets the requirements set forth in the Code of Federal Regulations. In addition, any issues with regard to whether TRSL has breached any fiduciary duties owed to plaintiffs are more properly addressed in the companion appeal 2025 CA 0035, while any issues with regard to the purported diversion of plaintiffs' funds into the UAL is more properly addressed in appeal 2025 CA 0036.

Plaintiffs also argue that the law of the case doctrine applies and should preclude summary judgment in favor of TRSL. Plaintiffs note that on June 15, 2015, TRSL filed a peremptory exception raising the objection of no cause of action seeking to dismiss plaintiffs' claims for declaratory relief, including the specific claim that the ORP does not provide meaningful and comparable benefits to the minimum benefits available under Social Security. Following the trial court's denial of the exception, TRSL sought review via supervisory writs, which were denied by this court.[5] Plaintiffs urge that the trial court's

---

[5] In denying the writ application, this court stated:

> **WRIT DENIED.** To the extent plaintiffs sought declaratory relief, they stated a cause of action. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute. La. Code Civ. P. art. 1871, 1872, and 1881; **Blanchard v. Blanchard**, 2012-0106 (La. App. 1st Cir. 12/31/12), 112 So.3d 243, 255, <u>writ denied</u>, 2013-0488 (La. 4/12/13), 111 So.3d 1013. **Cope v. Board of**

8

previous holding, and this court's denial of the writ application, was not clearly erroneous nor would a grave injustice occur if TRSL is precluded from relitgating whether the ORP provides comparable benefits to Social Security. See **Louisiana Land and Exploration Co. v. Verdin**, 95-2579 (La.App. 1 Cir. 9/27/96), 681 So.2d 63, 65, writ denied, 96-2629 (La. 12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997) ("When an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes law of the case, foreclosing relitigation of the issue either at the trial court on remand or in the appellate court on a later appeal. However, where a prior disposition is clearly erroneous and will create a grave injustice, it should be reconsidered.") Accordingly, plaintiffs conclude that the law of the case doctrine precludes the grant of summary judgment in this matter.

We disagree. The law of the case doctrine is not applicable herein. Specifically, the exception raising the objection of no cause of action, unlike a motion for summary judgment, is triable solely on the face of the petition and any attached documents, and no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931; **Beem v. Beem**, 2020-0897 (La.App. 1 Cir. 4/20/21), 324 So.3d 682, 686. The plaintiffs' ability to prevail on the merits is not an appropriate consideration on an exception of no cause of action. **Drayton v. Shelbon**, 54,839 (La.App. 2 Cir. 3/1/23), 357 So.3d 962, 965. By contrast, a motion for summary judgment addresses the merits of a claim. See **Id.** Also, documents can be introduced in support of and in opposition to the motion for summary judgment. See LSA-C.C.P. art. 966. Accordingly, the mere fact that both the district court and this court concluded that the petition stated a cause of action for declaratory relief did not preclude TRSL from filing a motion for summary judgment that addressed the merits of the claim.[6]

---

**Supervisors of Louisiana State University and A&M College**, 2015-1187 (La. App. 1 Cir. 11/30/15)(Unpublished).

[6] Neither the district court nor this court considered any evidence in ruling on the TRSL's exception of no cause of action. However, in deciding the summary judgment at issue, evidence was presented in favor of and in opposition to the motion, including the affidavit of Edward A. Branagan, as noted above, which reflected that the ORP met the requirements for a Social Security replacement plan.

## CONCLUSION

For the foregoing reasons, the district court's October 24, 2023 judgment in favor of Teachers' Retirement System of Louisiana that dismissed plaintiffs' claim against it seeking a declaration that the ORP is invalid because it does not meet the minimal requirements of a Social Security replacement plan is affirmed. Costs of this appeal are assessed to appellants, Dr. Kevin Cope and Dr. Roger Laine.

**AFFIRMED.**